## BOARD OF COMMISSIONERS OF WASHINGTON COUNTY *vs.* MOSES J. McCOY.

In a Justice's Court, where adjournments, subsequent to the first, are called for, to procure material testimony, the facts showing that due diligence has been used to obtain such testimony must be set forth, by the party making the affidavit, for that purpose.

ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

This cause was commenced before Albert Harris, Esq. a Justice of the Peace for said County. The facts appear in the opinion of the Court.

F. K. BARTLETT, for Plaintiff in Error:

AMES & NELSON, for Defendant in Error.

COOPER, J. This cause originated in a Justice's Court, and was removed thence to the District Court. The facts in the case were these.

The suit was commenced January 8th, 1851, by issuing a summons made returnable on the 15th. On the return day, the parties appeared; the declaration was filed; the plea put in; issue was joined; and the cause adjourned at the instance of the plaintiffs, to the 22d. On the 22d, the parties again appeared. In the meantime, the plaintiffs had taken the deposition of Samuel Burkleo, and offered to read it; but it was

excluded, for insufficiency of notice to the defendant at the time and place of taking it. The plaintiff's counsel thereupon moved for a second adjournment, to enable him to re-take the deposition. The motion was granted, and a further adjournment was had till the 27th. Notice was then given, in open Court, to the defendant, that the deposition of Samuel Burkleo would be taken at 8 o'clock, A. M. of the day to which the cause had been adjourned, at the town of Stillwater. On the 27th, the parties again appeared, but having failed to procure Burkleo's testimony, the plaintiff's counsel moved for a still further adjournment. This motion was based upon an affidavit, which set forth that Samuel Burkleo was a material witness; that he was a member of the Legislative Assembly, and consequently not obliged to obey the process of subpœna; that the Legislature was then in session; that he was in the habit of visiting his home and family at Stillwater every Saturday, and of returning to St. Paul to resume his duties each succeeding Monday; that deponent believed he would visit his home on the Saturday last past (25th), but he had failed to do so; and further: that deponent had used all due diligence to procure his presence or testimony, but was unable to do either.

The Justice refused to adjourn, and no evidence having been adduced, a judgment for costs was rendered against the plaintiffs. The refusal to adjourn, was the error complained of in the Court below. The District Court affirmed the judgment. This affirmance, it is alleged, is error, and it is now brought into this Court, by writ of Error, for correction.

We think the District Court did right in affirming the judgment. The affidavit upon which the adjournment was asked, was manifestly insufficient. It shows no act which gives evidence of the diligence alleged to have been used. On the contrary, the inference is, from the whole tenor of the affidavit, that the plaintiffs relied wholly and exclusively upon the chance of Burkleo visiting his family, as was usually his custom. This he did not happen to do, and the plaintiffs for that reason claimed a further adjournment. No act appears to have been done to secure his attendance. No reason or excuse whatever is assigned, why his deposition might not have been taken any day

at St. Paul.   There is no allegation that a subpœna ever issued, or that he refused to obey its mandate, or that even a request had been made, or notice given him of the time and place where his testimony was to have been taken.   All these things, did they exist, should be set out in the affidavit.   It is not enough, under any circumstances, merely to swear to the judicial conclusion, that due diligence had been used.   It is for the Court or Justice to say whether the acts of the party amount to due diligence, and not for the affiant.

In this case there is evidence of a want of diligence; of laches so gross that the Justice would have been unwarrantable in granting an adjournment.   After the first adjournment—which was, of course—motions for a further adjournment were addressed to the discretion of the Justice.   That discretion must be exercised soundly and with care: ever having a just regard for the rights and interests of both parties.   The defendant had already appeared to defend in this action, three several times; and to have adjourned again, unless under the most urgent and peculiar circumstances, and after all the diligence that could be used on the part of the plaintiffs, would have been visiting upon the defendant burdens created by the laches of the other party.   This could not be permitted.   The Justice did right in refusing it, and the judgment must be affirmed.

Judgment affirmed with costs.