PATRICK SCULLEN v. DAVID GEORGE.

*Justices of the peace—Adjournment of cause for more than six days— Discontinuance.*

An adjournment of a suit in justice's court for more than six days at the request of the plaintiff, without a showing on oath as provided by How. Stat. § 6899, and against the objection of the defendant, operates as a discontinuance of the cause.

Error to Wayne. (Full bench.) Argued February 8, 1887. Decided February 15, 1887.

Case. Defendant brings error. Reversed and judgment entered for defendant. The facts are stated in the opinion.

*B. T. Prentis,* for appellant.

*James Caplis,* for plaintiff.

CHAMPLIN, J. The parties appeared upon the return-day of the summons before the justice, and joined issue. The defendant announced himself ready for trial. The plaintiff asked that the cause be adjourned on account of the absence of material witnesses, without whom he could not safely proceed to trial, and in order to enable him to procure the attendance of said witnesses. The defendant objected to the adjournment. No showing was made, by the oath of the plaintiff or the oath of any other person, of the reasons upon which the adjournment was asked.

The justice overruled the objection, and granted an adjournment from the nineteenth of May to the thirty-first of May, 1881, at 1 o'clock in the afternoon. The defendant did not appear on the adjourned day, but treated the adjournment as unauthorized, and as a discontinuance of the suit. The plaintiff appeared on the adjourned day, and the justice proceeded and tried the cause *ex parte,* and rendered judgment for the plaintiff. The defendant sued out a writ of *certiorari* to the circuit court, and the judgment was there affirmed.

The justice had no authority to adjourn the cause, against defendant's objection, without a showing made upon oath. How. Stat. § 6899. The adjournment was not made under the authority of section 6903, as that only allows an adjournment not exceeding six days. The adjournment operated as a discontinuance of the suit. *Stadler v. Moors,* 9 Mich. 264; *Ruberts v. Hathaway,* 42 Id. 592.

The judgment of the circuit court must be reversed, and a judgment entered here for defendant, with costs of all the courts.

The other Justices concurred.