THE STATE, Respondent, vs. GUST, Appellant.

*November 23, 1887 — February 28, 1888.*

*Justices' courts: Jurisdiction: Unauthorized adjournment.*

A case in a justice's court had been twice adjourned for cause. On the last adjourned day, the defendant being in court but refusing to appear, a juror was excused to attend his brother's funeral, and, upon motion of the plaintiff, but without any affidavit or cause shown, the case was again adjourned for two days. *Held*, that sec. 3571, R. S., did not authorize the last adjournment, and that, under sec. 3631, the justice thereby lost jurisdiction.

APPEAL from the Circuit Court for *Sauk* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that September 20, 1886, this action was commenced before E. A. Hull, justice of the peace, to recover a forfeiture incurred by *August Gust* in violating sec. 1418, R. S., by maintaining a slaughter-house within one eighth of a mile of a dwelling-house; that on the return day, September 27, 1886, the venue was changed to the nearest justice, E. L. Powell, whereupon, on demand of the defendant, the plaintiff was ordered to give security for costs, and the defendant answered, denying each and every allegation of the complaint, and gave notice that he would prove that he had no slaughter-house and that there was no nuisance on the ground and premises designated; that thereupon, and on motion of the plaintiff and the consent of the defendant, the cause was adjourned until October 4, 1886, at 10 A. M., at which time the defendant moved to dismiss the case for want of security for costs, which was denied; that thereupon the defendant moved to adjourn the case for cause shown, which was granted, and the cause adjourned to October 25, 1886, at 10 A. M., when the parties appeared in court, and the defendant called for a jury, and

the same was ordered, selected, and summoned as such; that upon the jury being sworn, and cause shown by the plaintiff, and against the objection of the defendant, the case was adjourned to November 1, 1886, at 10 A. M., when the plaintiff appeared, and the defendant refused to appear, though in court; that thereupon one of said jurors was excused for the purpose of attending his brother's funeral, and on motion of the plaintiff, and without any affidavit or cause shown, the case was adjourned to November 3, 1886, at 10 A. M., and the several jurymen notified to be present accordingly; that at the day and hour last named, the plaintiff and all of said jurymen being present, and the defendant not appearing, and after waiting for him one hour, the court proceeded to take the evidence of the plaintiff's witnesses, and at the close of the testimony the jury returned a verdict in favor of the plaintiff and against the defendant for $50, and thereupon the court found a judgment against the defendant and in favor of the plaintiff for $50 damages, and $51.81 costs, making in all $101.81; that each and all of said adjournments were to and at the office of said last-named justice; that November 5, 1886, said record was removed to the circuit court by writ of *certiorari;* that upon the hearing thereof in said last-named court, it was ordered that said judgment in said justice's court " be wholly affirmed;" and it was, in effect, further "ordered and adjudged that the state . . . do have and recover, of and from *August Gust*" aforesaid, the sum of $101.81, with interest thereon from the date thereof, together with the clerk's fees, amounting to $5.05. From that judgment the defendant appeals.

*William Brown*, for the appellant.

The *Attorney General*, for the respondent, contended, *inter alia*, that under sec. 3571, R. S., the justice had power to adjourn pending the trial of the cause. *Board of Excise v. Sackrider*, 35 N. Y. 159; Cowen's Treatise (7th ed.), secs.

1306, 1403; *Griffin v. Spaulding*, 6 Vt. 60; *Ex parte Tracy*, 25 id. 93. Where a justice held a case open for one day to allow defendant to make his argument, it was intimated by Mr. Justice LYON that he did not lose jurisdiction. *Healy v. Kneeland*, 48 Wis. 497.

The following opinion was filed December 13, 1887:

CASSODAY, J. This action is to recover the forfeiture prescribed in sec. 1418, R. S. It is a civil action. Secs. 3294, 3295, R. S.; *State v. Smith*, 52 Wis. 134; *Oshkosh v. Schwartz*, 55 Wis. 487–489; *Chafin v. Waukesha Co.* 62 Wis. 467, 468. Most of the objections raised are untenable, especially as the trial court on the *certiorari* was confined to such questions as went to the jurisdiction of the justice.

The adjournment was procured by the state, October 25, 1886, on the ground that its principal witness, duly subpœnaed, had been arrested on the procurement of the defendant and taken before another justice in another part of the county, and there held for the purpose and object of keeping him from the trial of this action. Upon such a showing, and no denial on the part of the defendant, it is very questionable whether he was in a position to challenge the regularity of that adjournment on the ground that the application for it had not been made until after the jury had been sworn, since it was made as soon as the fact upon which it was based was ascertained.

The adjournment of November 1, 1886, without the appearance or consent of the defendant, on the application of the plaintiff, and without any affidavit or cause shown, seems to have been unauthorized. The matter of adjournment in justice's court is regulated by the statutes. On the return day, the justice may, " without the consent of either party, adjourn the cause not exceeding three days, and shall, upon the application of either party, without requiring cause to be shown," adjourn " for such time as may be

required, not exceeding one week." Sec. 3630, R. S. But "no adjournment after the first shall be allowed upon the application of a party, unless such party shall satisfy the justice by his oath, or the oath of some other person, that he cannot safely proceed to trial for want of some material witness or testimony," etc. Sec. 3631, R. S. Here the application was accompanied by no such oath, and the adjournment was granted upon no such ground. It is true, as urged, the statute authorizes every justice of the peace "to hold a court for the trial of all actions of which justices of the peace have *jurisdiction by law,* and to hear, try, and determine the same *according to law;* and for that purpose, where no special provision is otherwise made by law, such court shall be vested with all the necessary powers which are possessed by courts of record; and all laws of a general nature are to apply to such justice's court so far as the same may be applicable." Sec. 3571, R. S. Whether a justice would lose jurisdiction by an adjournment in consequence of an imperative necessity, as, for instance, the sudden sickness of the justice or one or more jurymen, it is not necessary here to decide, since no such case was here presented. "The necessary powers," thus vested by this section in a justice's court, must be confined to matters within the jurisdiction of such court and in its proceedings "according to law." Such courts have no jurisdiction except such as is given to them by the constitution and laws of the state The section does not authorize the continuance of jurisdiction by an adjournment contrary to law. It is claimed, however, that it authorized the adjournment in question; and a decision in New York under a similar statute is relied upon. *Board of Excise v. Sackrider,* 35 N. Y. 159. That case presented the question of the validity of an adjournment in consequence of an attachment issued *pursuant to the statute,* "to compel the appearance of a defaulting witness," when the *statute was silent* as to allowing such ad-

journment. The case, however, was determined upon other grounds. Our statute expressly authorizes an adjournment in such a case for a reasonable time, or until such witness shall testify. Sec. 3583, R. S. We do not think the case is authority for the adjournment in question. The same may be said respecting the other cases cited on the part of the state.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to reverse the judgment of the justice.

A motion for a rehearing was denied February 28, 1888.