# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF NORTH DAKOTA

---

PATRICK J. LYONS and THOMAS J. WOODMANSEE, as the firm of
LYONS & WOODMANSEE, Plaintiffs and Appellants, *v.*
DANIEL B. MILLER, Defendant and Respondent.

**Want of Jurisdiction—Waiver by Appeal.**

> After an appeal upon questions of law and fact by a defendant from
> a judgment of a justice of the peace to the district court, where a de-
> mand for a new trial is embodied in the notice of appeal, the defend-
> ant cannot deny the jurisdiction of the district court over his person,
> although the justice of the peace rendering the judgment appealed
> from never acquired jurisdiction over his person. Whether such jus-
> tice acquired such jurisdiction by litigating the cause on the merits
> after motion to dismiss for want of jurisdiction had been overruled,
> not decided.

(Opinion Filed January 15, 1891.)

*A*PPEAL from district court, Kidder county; Hon. W. H.
WINCHESTER, Judge.

*W. F. Cochrane* and *Geo. W. Newton,* for appellants; no ap-
pearance for respondent.

Action for goods sold and delivered; tried in justice court,
where plaintiff recovered judgment. On appeal by defendant
to district court action dismissed on ground of no jurisdiction
over person of defendant. Reversed and district court ordered
to try cause.

Cochrane and Newton, for the appellants, urged that the
objection to the return endorsed on the summons as being

insufficient or that there was no legal service thereof, came too late and if the same was, as a matter of fact, insufficient the question had been waived and that a general appearance had been entered by answering, demanding a jury trial and other general appearances for the defendant, citing Compiled Laws, § 4904; Railway Co. v. DeBusk, 12 Colo. 294, 20 Pac. Rep. 752; Walker v. Turner, 42 N. W. Rep. 910; Burnham v. Doolittle, 15 N. W. Rep. 606; Williams v. Railway Co., 6 N. W. Rep. 445; Allen v. Coates, 11 N. W. Rep. 132.

The opinion of the court was delivered by

CORLISS, C. J. The justice of the peace before whom this action was instituted failed in the first instance to acquire jurisdiction of the person of the defendant because the summons was not properly served. The defendant appeared specially for the purpose of objecting to the court's jurisdiction, and moved the court to set aside the service of the process on the ground that the court had not acquired jurisdiction of his person. This motion being overruled, the defendant, after requesting and securing a change of venue, answered the complaint, and the case was tried. Defeat ensuing, defendant appealed from the judgment on questions of law and fact, demanding in his notice of appeal a new trial of the case in the district court. That court adjudged that the action should be dismissed for want of jurisdiction of the person of the defendant. This ruling is challenged by this appeal, and we think the appellant must succeed. Whether the defendant, by pleading and litigating the cause on the merits, waived his objection to the court's jurisdiction over his person, made before he had appeared specially, it is not necessary for us to decide. The defendant himself invoked the jurisdiction of a new tribunal, not for the purpose of correcting an erroneous ruling on the question of jurisdiction, but to have the issues litigated upon the merits. He demanded a new trial in his notice of appeal, and under the statute such demand is an appeal to the district court to hear and determine the cause on the merits. Compiled Laws, § 6131. It is not entirely logical for him to repudiate a jurisdiction he has invoked, not for the special purpose of reversing an erron-

eous ruling on the question of jurisdiction, but for the purpose of a trial of the action on the merits in a new tribunal. The district court had jurisdiction of the person of the defendant when he himself invoked the jurisdiction generally, and the cause, therefore, should have been tried upon the merits. Seurer v. Horst, 31 Minn. 479, 18 N. W. Rep. 283, is an express authority in favor of our views. For the error in refusing to entertain jurisdiction of the case the judgment of the district court is reversed, and that court is directed to proceed with the trial of the action as in other cases of similar appeals. All concur.