## L. B. MINER *vs*. FRANCIS & SOUTHARD.

Opinion filed March 3rd, 1894.

### Justice Summons—Return Day Must be Named.

A summons issued by a justice of the peace, returnable, not on any particular day, but on the seventh day after service thereof, does not contain a direction for the defendant to appear and answer before the justice at a time specified in the summons, and service of such a summons will not give the court jurisdiction of the person of the defendant.

### Special Appearance—Not Voluntary.

After defendants had appeared specially, and objected to the jurisdiction of the court on the ground that the summons was not sufficient to confer jurisdiction, and after the court had overruled this objection, they appeared generally, and answered. *Held*, that such appearance was not a voluntary appearance, and did not waive the defendants' objection to the jurisdiction of the court.

### Objection Not Waived by Appeal.

Nor was such objection waived, or any jurisdiction over the defendants conferred, by their appeal to the District Court, and subsequently to this court, for the sole purpose of reviewing the question of the sufficiency of such summons.

Appeal from District Court, Stutsman County; *Rose*, J.

Action by L. B. Miner against O. W. Francis and H. C. Southard. There was judgment for plaintiff, and defendants appeal. Reversed.

*H. C. Southard*, for appellants.

A defendant has a right to appear for the purpose of moving to dismiss a defective summons and it is error in the court to refuse him that privilege. Nor does the fact that he afterwards appears and answers, waive his right or cure the error. *Lyman* v. *Milton*, 44 Cal. 631; *Deidesheimer* v. *Brown*, 8 Cal. 340; *Bell* v. *Good*, 19 N. Y. Sup. 693; *Morris* v. *Graham*, 51 Fed. Rep. 53. This doctrine is not opposed to *Lyon* v. *Miller*, 2 N. D. 1.

*Edgar W. Camp*, for respondent.

By answering on the merits the defendant waived objection to jurisdiction. *Walker* v. *Turner*, 42 N. W. Rep. 918; *N. P. Ry. Co.* v. *DeBush*, 20 Pac. Rep. 752; *Kaw Valley Life Ass'n* v. *Lemke*, 19

Pac. Rep. 337; *Daily* v. *Kennedy*, 31·N. W. Rep. 125; *Yorke* v. *Yorke*, 55 N. W. Rep. 1095; *Allen* v. *Coates*, 11 N. W. Rep. 132; *White* v. *Merriam*, 19 N. W. Rep. 703; *Freeman* v. *Burks*, 20 N. W. Rep. 207; *Elliott* v. *Lawhead*, 1 N. E. Rep. 577; *N. Y. & B. M. Co.* v. *Gill*, 2 Pac. Rep. 5; *Stephens* v. *Bradley*, 8 So. Rep. 415; *Ry. Co.* v. *Caldwell*, 19 Pac. Rep. 542; *Sealy* v. *Cal. L. Co.*, 24 Pac. Rep. 197; *Upper Miss. T. Co.* v. *Whittaker*, 16 Wis. 220; *St. Louis Car Co.* v. *Stillwater St. Ry.* 54 N. W. Rep. 1064. By appealing to the District Court appellants waived all objection to jurisdiction. *Col. Cen. Ry. Co.* v. *Caldwell*, 19 Pac. Rep. 542; *Dunn* v. *Haines*, 23 N. W. Rep. 501; *Pearson* v. *Kan. Mfg. Co.*, 15 N. W. Rep. 346; *Shawaug* v. *Love*, 17 N. W. Rep. 264; *Adams Exp. Co.* v. *St. John*, 17 Ohio St. 641; *Hurford* v. *Baker*, 23 N. W. Rep. 339; *Dikeman* v. *Mrotck*, 45 N. W. Rep. 118; *Barnum* v. *Fitzpatrick*, 11 Wis. 81; *Ruthe* v. *G. B. & M. Ry. Co.*, 37 Wis. 344; *Blackwood* v. *Jones*, 27 Wis. 498.

CORLISS, J. This action was originally commenced before a justice of the peace. The defendants first appeared specially before the justice, and moved to set aside the summons in the action for the reason that no time was therein specified for the appearance of the defendants. This motion was overruled. Defendants excepted. Thereafter, they answered the complaint in the action; reserving, however, their objection to the jurisdiction of the court because of the alleged insufficiency of the summons. Judgment having been rendered against them, they appealed to the District Court on questions of law only. No new trial was demanded or had. Being defeated in that court, the defendants have brought the case here for review on the single question of jurisdiction.

We think that the justice should have sustained defendants' motion to dismiss because of the defect in the summons heretofore mentioned. The summons did not, on its face, specify any definite return day. It required the defendants to appear before the justice on the seventh day after the service of the summons upon them, exclusive of the day of service. The summons must

contain "a direction that the defendant appear and answer before the justice at his office at the time specified in the summons." Comp. Laws, § 6053. The time was not specified in the summons. It was only by reference to an extrinsic fact that the return day could be ascertained. The statute provides that the summons itself shall specify the return day. That day must be fixed by the summons, and appear upon its face, without reference to a future, uncertain event. The day for the appearance of the defendants in this case could not be determined by an inspection of the process. It was fixed, not by the summons alone, but by the volition of the officer having the process to serve. Until it should please him to serve it, it could have no fixed return day. Should he serve it on such a day that the return day would fall on Sunday or a legal holiday, the summons, which it is claimed is valid when issued, would become illegal by the act of a ministerial officer. This would not result from the fact that it was served on a day on which process could not be legally served, but because the ministerial officer had fixed the return day on Sunday or a legal holiday. Counsel for respondent urges that the summons is as valid as it would be if it contained a statement that it was returnable in seven days after date. But the analogy fails in a vital particular. Such a summons, unlike the one in the case at bar, would, upon its face, and by reference to its language alone, fix the return day without the necessity of a resort to extrinsic evidence. What would be the return day of a summons like that issued in this case, where it was served on two defendants on different days? As to the two defendants, it would be returnable on different days. One must appear on one day, and one on another day.

But it is insisted that defendants, by their general appearance after their objection to the summons had been overruled, and by pleading to the merits, made a voluntary appearance; that such an appearance conferred jurisdiction; and that, as the only objection here made relates to the jurisdiction of the court, it is immaterial whether the court erred in deciding that it had jurisdiction,

for, even assuming all its proceedings to have been illegal before the voluntary appearance, from that time it was vested by the defendants' voluntary action with full jurisdiction over their persons. If the subsequent general appearance can be regarded as voluntary, the respondent's position cannot be successfully assailed. But we do not think it was voluntary. It was not like an appearance under threat of a justice to take jurisdiction without color of authority. In such a case, the defendant, being in no danger of prejudice from refusing to appear, could hardly be said to have been forced to make an appearance to protect himself. Such an appearance would be voluntary. But here there was a summons, although it was defective, and here there was a legal service of this summons. The court having overruled defendants' motion, the defendants were compelled by the joint action of the justice and the plaintiff—by the action of the justice in overruling the motion, and the action of plaintiff in persisting in his suit after he had been apprised of the defect in the summons—to defend, or take the risk of being defeated on the question of jurisdiction after it was too late to be heard on the merits. Some of the courts which hold an appearance under such circumstances to be voluntary deem it unfair that the defendant should have the chance of defeating a judgment on the merits by sustaining the jurisdictional point on appeal, while he enjoys the certainty of sustaining the judgment, if favorable to himself. But it often happens that, upon the trial of an action, reversible error is committed by the court while plaintiff is proving his case. Must the defendant then be regarded as waiving such error because he proceeds, with the chance of reversal if defeated? It is well to put the responsibility for this condition where it belongs. That the defendant enjoys this advantage is owing to the action of the plaintiff, in persisting in his prosecution of the case after he has been fairly warned by the defendant that he will, at all stages of the action, insist upon his contention that the court had no right to take jurisdiction of his person. Let the plaintiff dismiss, and start anew, if he is unwilling that defendant should enjoy this

advantage. We are aware that there are a number of cases in which the contrary view is adopted; but we feel that the rule which we establish in this case is more in accord with principle, and more equitable in its spirit, having in view the interests and rights of both plaintiff and defendant in the action. We hold that a general appearance after an objection to jurisdiction has been overruled, does not constitute a voluntary appearance, unless the contrary is shown, provided the defendant seeks a review of his objection to the jurisdiction of the court in the very action in which it is made. Of course, it is clear that a defendant may make a voluntary appearance after such an objection is overruled. That it was his purpose to make such an appearance would be conclusively established by his abandoning the point after judgment, by not seeking to review it on appeal. Hence, such a judgment would never be vulnerable to collateral attack on the ground that the appearance was not voluntary. There is an intimation to the contrary in *Jones* v. *Jones*, (N. Y. App.) 15 N. E. 707-709, but what was said was only obiter. As sustaining our ruling that the subsequent general appearance was not voluntary, and that, therefore, the judgments of the District Court and of the justice of the peace should be reversed, and the case dismissed, on the ground that the justice never acquired jurisdiction over the persons of the defendants, because there was neither service of legal process nor a voluntary appearance, we cite the following cases: *Harkness* v. *Hyde*, 98 U. S. 476; *Warren* v. *Crane*, 50 Mich. 301, 15 N. W. 465; *Dewey* v. *Greene*, 4 Denio, 94; *Walling* v. *Beers*, 120 Mass. 548; *Jones* v. *Jones*, (N. Y. App.) 15 N. E. 707; *Benedict* v. *Johnson*, (S. D.) 57 N. W. 66; *Avery* v. *Slack*, 17 Wend. 85; *Deidesheimer* v. *Brown*, 8 Cal. 339; *Kent* v. *West*, 50 Cal. 185; *Lyman* v. *Milton*, 44 Cal. 635; *Lazzarone* v. *Oishei*, (Super. Bluff.) 22 N. Y. Supp. 267.

It is further contended that defendants, by appealing to the District Court, have waived all objections to the jurisdiction of the justice of the peace. We are at a loss to discover how the act of invoking the jurisdiction of an appellate court to correct an

error in the proceedings can be construed as a waiver of such error. No case can be found to support such a doctrine. Authorities opposed to it can be cited: *Craighead* v. *Marton*, 25 Minn. 41; *Shaw* v. *Moser*, 3 Mich. 71. See, also, *Freer* v. *White*, (Mich.) 51 N. W. 807. The cases cited by respondent are some of them like the case of *Lyons* v. *Miller*, 2 N. D. 1, 48 N. W. 514, where the appellant did not merely ask for a review of the case upon the record made below, but invoked the jurisdiction of the appellate court to have the action tried anew upon the merits. None of the cases cited by respondent to sustain his position on this point support this contention under statutes similar to ours. The appellants in this case appealed solely upon questions of law. They invoked the jurisdiction of the District Court for no other purpose than to have reviewed the ruling of the justice that the summons was sufficient. The statute declares that either party may have on the appeal the benefit of all legal objections made in the Justice Court. Comp. Laws, § 6132. The judgments of the District Court and of the justice of the peace are reversed, and the action dismissed. All concur.