(77 N. W. Rep. 1003.)

NAPOLEON BENOIT *vs.* JOSEPH REVOIR.

Opinion filed December 7, 1898.

**Justice of the Peace—Delay in Rendering Judgment.**

Under section 6683, Rev. Codes, a justice of the peace has authority to hold a case open for 24 hours for the purpose of considering questions that have been submitted to him in the case.

**Security for Costs—Deposit—Waiver.**

Where, by consent of parties, a nonresident plaintiff in Justice's Court deposited with the Court an agreed sum of money in lieu of security for costs, the defendant is not entitled thereafter, and upon a change of venue to another justice, to demand other security for costs.

**Submitting to Jurisdiction by Invoking Its Aid.**

On plaintiff's application, based upon an affidavit, and over defendant's objection, a justice continued a case for the purpose of procuring testimony. The affidavit was insufficient in matter of substance. Without deciding that the justice thereby lost jurisdiction, but assuming such to be the case, we hold that when the defendant appeared on the adjourned day, and, without withdrawing his general appearance, attempted to appear specially, and moved the Court to dismiss the case for want of jurisdiction and because there was no security for costs, and when, this being overruled, he made further motions in the case, and participated in a trial on the merits, he thereby restored jurisdiction of the person, if the same had been lost.

Wallin, J., dissenting.

Appeal from District Court, Grand Forks County; *Fisk, J.*

Action by Napoleon Benoit against Joseph Revoir. A judgment for plaintiff was affirmed in the District Court, and defendant appeals.

Affirmed.

*Anderson & Burr,* for appellant.

*Charles Argall,* for respondent.

BARTHOLOMEW, C. J.   From a judgment against him entered in Justice Court, the defendant appealed to the District Court upon questions of law alone. There the judgment was affirmed, and he now appeals to this Court. The judgment must be affirmed again. The action was brought before a justice in the City of Grand Forks, and the pleadings were filed, and a garnishee, who had been summoned, disclosed certain indebtedness to defendant. Defendant moved for security for costs. The motion was granted, and by

agreement of parties the plaintiff deposited in court a certain sum of money as security. Defendant moved for change of venue, and the case was sent to Justice Brown, in Grand Forks. Before that justice, plaintiff moved for a change of venue, and the case was sent to Justice Richards, in a country township. Said justice, by proper notice, set the case for November 16th, 1897 at 2 o'clock p. m. When the case was called the parties appeared by their respective attorneys. The defendant objected to any further consideration of the case until the amount disclosed by the garnishee was paid into court, and until the money 'that had been deposited with the first justice as security for costs should be deposited in Justice Richard's court. The docket entry reads, "Upon the above objections this court holds this case open until November 17, 1897, at 2:30 p. m., for consideration." The defendant objected to this for the reason that it was not one of the statutory grounds for postponement. His objection was overruled. On the 17th he appeared and moved to dismiss on the ground that the justice had lost jurisdiction by thus holding the case open. The overruling of this motion is the subject of his first assignment of error in this Court. It must be overruled. The case was not continued. It was simply held open to give the justice time to consider the objections that had been made. Section 6683, Rev. Codes, which authorizes an intermission not to exceed 24 hours during the trial, was intended to cover just such a case as this.

Defendant then moved for security for costs. A denial of this motion is the subject of his second assignment of error. It is without merit. Security had been given in the manner agreed upon. By depositing the money in court, plaintiff lost control of it. If it had not found its way into the hands of Justice Richards, plaintiff was not to blame.

Plaintiff moved, on affidavit of the attorney for a continuance for five days, for the purpose of taking depositions in Minnesota. Defendant objected to the sufficiency of the affidavit, but the motion was granted. This is assigned as error. It will not be necessary to set forth the affidavit. The objection to it is that it fails to show that due diligence had been exercised to procure the attendance of the witness, or his testimony. The application for continuance must have been made under section 6650, Rev. Codes, and that section requires that the affidavit shall show diligence. The continuance was asked for the purpose of taking the disposition of the plaintiff, and the affidavit stated that he was a nonresident of this state, and resided in Polk county, in the State of Minnesota. There are no allegations showing that any thing had been done towards obtaining such disposition. We think the Court was not justified in assuming, from the mere fact of nonresidence, that ordinary diligence might not have secured the testimony. The affidavit was deficient on the point of diligence. The continuance ought not to have been granted.

On the day to which the case was continued, the defendant,

without withdrawing his general appearance in the case, or offering to withdraw it, attempted to appear specially, and moved to dismiss the case on the ground that, by granting the continuance without sufficient cause shown, the justice lost jurisdiction of the case, and that there was no security for costs. The motion was denied, and this ruling is assigned as error. For the purposes of this case, we will concede that he was in a position to raise a question of jurisdiction. Yet we find it unnecessary to decide whether or not this justice lost jurisdiction as claimed, because it is clear to us that, if jurisdiction was so lost, the defendant, by his own conduct, immediately restored it. The motion to dismiss was based upon two grounds. One denied jurisdiction, and the other invoked jurisdiction. The two were utterly inconsistent. By asking the Court at that time to exercise jurisdiction in the case by passing upon the matter of security for costs, complicated as it was by the fact that by consent money had once been deposited in lieu of security, the defendant estopped himself from thereafter asserting that the Court was without jurisdiction. Further, the defendant objected to receiving oral testimony, and, that being overruled, he at once proceeded to a trial on the merits; and when he appealed from the judgment that was rendered against him, while his appeal was upon questions of law only, instead of confining himself to jurisdictional questions, he not only assigns error in not sustaining a motion for security for costs, as already stated, but his further alleged error is the refusal of the Court to grant his motion to dismiss, one of the grounds of which was that there was no security for costs,—thus asking the District Court to pass upon the ruling of the justice upon a nonjurisdictional question submitted to the Justice Court by defendant after, as he now claims, that court had lost jurisdiction. On this point, see *Lyons* v. *Miller,* 2 N. D. 1, 48 N. W. Rep. 514. We are clear that, if jurisdiction was lost by the continuance, it was fully restored by defendant's subsequent voluntary acts. This ruling is not in conflict with the case of *Miner* v. *Francis,* 3 N. D. 549, 58 N. W. 343. We held in that case that where the summons was fatally defective, and the defendant appeared specially, and moved to dismiss upon that ground alone, and, the motion being denied, he answered, but specially reserved all his rights under the motion, and on appeal to the District Court he appealed only as to the question of jurisdiction, he had not by his conduct waived any of his rights. But the vital difference between that case and the one at bar is apparent on statement. The judgment of the District Court is affirmed.

YOUNG, J., concurs.

WALLIN, J. (dissenting). The application for a continuance was made under section 6650, Rev. Codes, to enable the plaintiff to procure a deposition. The Court, in the majority opinion, says: "We think the Court was not justified in assuming, from the mere fact of nonresidence, that ordinary diligence might not have se-

cured the testimony. The affidavit was deficient on the point of diligence. The continuance ought not to have been granted." In this view I fully concur. The affidavit obviously omitted to state any fact tending to show diligence in procuring the plaintiff's testimoney, and this despite the fact that a considerable time had then elapsed after issue had been joined in the action. The majority say, "The continuance ought not to have been granted," but do not state why, nor point out the consequences resulting from this confessedly erroneous ruling. The facts, however, in my view, require a distinct ruling on this point. In my judgment, the justice of the peace by such continuance then and there devested himself of all further jurisdiction of the parties. In this state the matter of adjournments in Justice Courts is made the subject of minute statutory regulations, and with respect to adjournments to procure testimony the statutory requirements are explicit. Among these is a showing of diligence. In the absence of this showing the justice was powerless to grant the postponement of the trial. An affidavit was filed, it is true, but it was defective in a vital particular. In it there was absolutely nothing in the nature of a showing of diligence upon which the discretion of the justice could be called into exercise. Hence the justice, in granting the motion and continuing the case, acted without authority to do so. The rule sustained by the decided weight of authority is that a justice of the peace has no lawful right to grant continuances, other than that conferred by the statute. This is especially true in a state where, as in this state, the matter is fully covered by statutory provisions. See 4 Enc. Pl. & Prac. p. 892, and cases in the notes; also Rev. Codes, § § 6644-6651. Nor is such error a mere irregularity, or error without prejudice. On the contrary, it is a jurisdictional error. See *State* v. *Gust,* 70 Wis. 631, 35 N. W. Rep. 559; *Scullon* v. *George,* 65 Mich. 215, 31 N. W. Rep. 841; *Whaley* v. *King,* 92 Cal. 431, 28 Pac. Rep. 579; *School District* v. *Thompson,* 5 Minn. 280 (Gil. 221); *Board* v. *McCoy,* 1 Minn. 100 (Gil. 78); *Village of Vicksburg* v. *Briggs,* 85 Mich. 502, 48 N. W. Rep. 625; *Redford* v. *Snow,* 46 Hun. 370. These cases assert a rule which seems to be both sound and logical, in holding that an unauthorized adjournment by a justice of the peace operates to discontinue the case and oust the jurisdiction. Nor do the majority of the Court, hold differently. They simply state that the adjournment ought not to have been granted, without stating the results of the adjournment. But it must follow, if the Court lost jurisdiction by adjourning the case for five days, that when the Court, on the adjourned day, assumed to call the case and proceed therein, it was wholly without jurisdiction, *i. e.* without authority to open the case for any purpose. Upon this important feature the Court, in its opinion uses this language: "We find it unnecessary to decide whether or not this justice lost jurisdiction as claimed, because it is clear to us that, if jurisdiction was so lost, the defendant by his own conduct immediately restored it." In support of this assump-

tion the majority did not deem it necessary to cite a single adjudicated case. It may be safely conceded, however, that in some jurisdictions it is held that where a defendant appears specially in a justice's court, and moves to dismiss the action for want of jurisdiction over the person of the defendant, and such motion is improperly denied, a general appearance by the defendant thereafter will operate to confer jurisdiction over the defendant's person. Upon this question of practice there has been much diversity of judicial opinion. In this state, however, the matter, as I think, has been set at rest in a case in which the point was controlling, and was very carefully considered by this Court. The point was first raised in *Lyons* v. *Miller,* 2 N. D. 1, 48 N. W. Rep. 514; but it was not disposed of in that case, for the reason that the Court held that the defendant, having appealed to the District Court from a judgment against him upon questions of fact as well as law, and having demanded a new trial in the District Court on the merits, had by so doing voluntarily waived the jurisdictional question over his person. · There the defendant himself had invoked the trial on the merits in another tribunal, and did not limit his appeal to questions of law,—citing *Seurer* v. *Horst,* 31 Minn. 479, 18 N. W. Rep. 283, in support of this holding. But in the North Dakota case this Court used this language: ·"Whether the defendant, by pleading and litigating the case on the merits, waived his objection to the Court's jurisdiction over his person, made before he had appeared specially, it is not necessary for us to decide." But in the case of *Miner* v. *Francis,* 3 N. D. 549, 58 N. W. Rep. 343, the point again arose, and was, in my opinion, squarely decided. In that case the summons was fatally defective, and defendants, appearing specially, moved to dismiss the action on that ground. The motion was denied, whereupon the defendants answered the complaint, and judgment was rendered against them by the justice of the peace upon the merits. From this judgment defendants appealed to the District Court upon questions of law only. At that time, as now, the statute permitted an appeal either upon questions of law or a general appeal for the purposes of a new trial on the merits in the District Court. In this Court it was contended by the very able counsel for the respondent that the defendants, by their "general appearance" made after their motion to dismiss had been overruled, "conferred jurisdiction." In that case we held that the defendants' general appearance by answer was not voluntary, and that, as the appeal was upon questions of law only, the appeal did not itself confer jurisdiction over the person of the defendant, in support of which holding the Court cited a line of authority to which I now refer, without further citation of cases.

In the case at bar the defendant, fully understanding that the Justice Court by its erroneous adjournment had lost jurisdiction of the case, and anticipating that proceedings in the action would be resumed upon the adjourn day, appeared before the justice on that day. But for what purpose did he appear, and in what man-

ner did he then appear? This vital question receives an explicit answer from the record made by the justice, which is as follows: "November 23, 1897, 2:30 p. m. Case called. All parties present. The defendant appears specially to object to the jurisdiction of the Court on the ground that the Court has lost jurisdiction of the case. Court overruled the objection. Defendant excepts." Defendant made no further special appearance in the action, but, without appearing specially, defendant's counsel subsequently moved to dismiss the action on another ground, relating to security for costs, and also made objection to the introduction of testimony. But testimony was introduced, and judgment was entered thereon in favor of the plaintiff. From this judgment defendant appealed to the District Court upon questions of "law alone," under chapter 7, Laws 1897. Defendant's notice of appeal specified four rulings made by the justice as embracing questions which defendant sought to have reviewed by the District Court. These may be stated briefly: First, the ruling adjourning the case as above stated; second, the ruling under said special appearance, denying defendant's motion to dismiss for the reason that the justice had lost jurisdiction; third, a general objection that the justice erred in not granting defendant's motion,—which last seems to be a mere repetition of the first; finally, the ruling denying defendant's motion to dismiss for want of security for costs. It will be observed that all of these questions are not only matters of law, but relate to the jurisdiction of the justice. Three of them are based upon the matter of the adjournment, and the other rests upon an independent ground, which I concede is insufficient, but which nevertheless was, as the record shows, assigned as a ground of dismissal in the justice's court. The notice of appeal did not refer to the ruling upon the admission of evidence. Upon this record the question is presented whether the jurisdiction of the justice, lost by the unauthorized adjournment, was voluntarily restored by any subsequent act upon the part of the defendant. The authorities above cited abundantly show that the jurisdiction was lost by the adjournment; and for the purposes of this case the majority of the Court, in the opinion of the Court, concede that jurisdiction was lost by such adjournment. The decision of this Court above cited (3 N. D. 549, 58 N. W. Rep. 343) is, in my judgment, decisive upon the point that where the defendant, for the correction of errors, elects to appeal to the District Court upon questions of law only, such appeal does not itself indicate a voluntary acquiescence in the jurisdiction assumed over his person by the justice who entered judgment against him, but that such appeal tends directly to show to the contrary. In that case this Court uses this languarge in the opinion, on page 553, 3 N. D. and page 345, 58 N. W. Rep.: "We are at a loss to discover how the act of invoking the jurisdiction of an appellate court to correct an error in the proceedings can be construed as a waiver of such error. No case can be found to support such a doctrine." The first act of defendant's counsel on the adjourn day was guarded. He

made a special appearance, and then and there, before any other step was taken in the case, challenged the jurisdiction of the justice by a motion to dismiss on the specific ground that the justice had lost jurisdiction. Does this action on the part of defendant's counsel indicate a voluntary acquiesence in the assumed jurisdiction of the justice over the person of the defendant? The question itself compels a negative answer. At what moment, then, did the defendant voluntarily acquiese in the assumed jurisdiction of the Court over his person? The record shows that, after the motion of defendant's counsel to dismiss had been overruled, he did not leave the presence of the justice, but remained there, and interposed such obstacles as he could to prevent the unlawful entry of a judgment against his client; and among these obstacles was another motion to dismiss upon an independent ground, and also an objection to the introduction of testimony, for certain reasons not necessary to mention. Does this conduct indicate an intentional and voluntary acquiesence in the wrongfully assumed jurisdiction of the justice? I think not. We have seen that the attitude of the defendant with respect to the jurisdiction of the Court had been defined and made a matter of record by a timely motion to dismiss, guarded by a special appearance. No rule of practice can be found which made it necessary to reiterate this motion, and again make the same motion a matter of record, and thereby pile up a series of objections and rulings, all upon the single point fully covered by the original motion and the ruling thereon. In this state, as I see it, it has been definitely settled, in the case in 3 N. D., and 58 N. W. Rep., that a general appearance to the merits, made by answering the complaint after defendant's motion to dismiss had been denied, does not operate as a voluntary acquiescence in the jurisdiction of the justice over the defendant's person. If such general appearance by the defendant does not so operate, I maintain that nothing which the defendant can do in the case, short of express consent, or a demand for a new trial on the merits, can restore lost jurisdiction. Upon due consideration of conflicting judicial opinion, this Court, in the case last cited, has, I submit, deliberately settled this question of practice; and, because the principle of that case has not been applied to the analogous facts of this case, I am compelled to differ from my brethren in the disposition made of the case. In, my opinion, the judgment of the District Court, affirming that of the justice of the peace, should, be reversed.

(77 N. W. Rep. 605.)