## MORRISSEY v. BLASKY, Justice of the Peace.

(134 N. W. 319.)

**Justice of the peace — review of judgment by certiorari — discretion of reviewing court.**

1. The district court, on a proper application and showing, issued its writ of certiorari in due form to review the judgment and proceedings of a justice of the peace. On the return day, the justice made due return to such writ, and the merits were duly presented to the district court; but such court thereafter quashed the writ, upon the ground that plaintiff had a plain, speedy, and adequate remedy at law. *Held* error. While the district court was, at the time of the application for the writ, vested with a sound judicial discretion to either grant or refuse the same, such discretion was exercised when the writ was issued, and after the case had been brought before it by the issuance of such writ and the return thereto the matter should have been adjudicated upon its merits. After proceeding thus far, no good purpose would be subserved by requiring the plaintiff to resort to some other remedy, even though another adequate remedy may have existed.

**Justice of the peace — unauthorized continuance of case.**

2. The record discloses that the justice lost jurisdiction by an unauthorized continuance of the case on an insufficient showing therefor by plaintiff. The failure to comply with §§ 8373 and 8374 R. C., operated to oust the justice of jurisdiction.

Opinion filed January 4, 1912.

Appeal from District Court, Eddy county; *J. A. Coffey,* J.

Certiorari by George W. Morrissey to review a judgment of A. W. Blasky, as Justice of the Peace in and for Paradise Township, Eddy county. From a judgment quashing the writ of certiorari, plaintiff appeals. Reversed, with directions.

*Maddux & Rinker,* for appellant.

*George H. Stillman* and *C. E. Scott,* for respondent.

Fisk, J. This is an appeal from an order and judgment of the district court of Eddy county, quashing a writ of certiorari theretofore issued by that court to review the judgment rendered by respondent, as justice of the peace. Respondent made due return to the writ in the court below by certifying to the district court all its proceedings in the cause, including a certified copy of his judgment docket, together with an affidavit for continuance and certain other documents, not necessary to mention. Following is a copy of the docket entry aforesaid:

Be it remembered, that on the 26th day of September, 1910, a summons was duly issued in the above-entitled action, and made returnable before this court on the 10th day of October, 1910, at the hour of 10 o'clock A. M. Summons was given to F. C. Davies, sheriff of Eddy county, North Dakota, for service, which summons was duly returned into this court on the 10th day of October, 1910, showing due and legal service thereof, and same was filed in this office. On the 10th day of October, 1910, at the hour of 10:30 A. M. plaintiff appeared by its attorney, C. E. Scott, and moved the court for a continuance for thirty days, and presents affidavit for such continuance, showing that he cannot get his witness here at this time. Plaintiff's motion for continuance is granted and case continued for thirty days and case set for November 10th, 1910, at 10 o'clock A. M. On this 10th day of November, 1910, at the hour of 10 o'clock, plaintiff appears by its attorney, C. E. Scott, and asks for a further continuance of five days, which is granted and case set for November 15, 1910, at 10 o'clock A. M. On this 15th day of November, 1910, at the hour of 10 o'clock, plaintiff does appear by D. S. Rainey, representing said plaintiff, as manager, and by its attorney, C. E. Scott, and defendant does not appear, either in person or by attorney or otherwise, and after waiting one full hour and there being no appearance made on the part of the defendant as

hereinbefore mentioned, plaintiff, by its attorney, moves this court for order for judgment in favor of the plaintiff, the Callender-Vanderhoof Company, a corporation, and against the defendant, Geo. W. Morrissey, for the sum of one hundred fifty-six dollars and seventy cents ($156.-70), with interest at the rate of 7 per cent per annum from and since the 26th day of December, 1908, and for the costs of this action. Now, therefore, on motion of C. E. Scott, attorney for the plaintiff, and upon the proof given, it is ordered and adjudged that the plaintiff, the Callender-Vanderhoof Company, a corporation, do have and recover of and from the defendant, Geo. W. Morrissey, the sum of one hundred seventy-seven dollars and seventeen cents ($177.17) debt and interest, and the further sum of eight dollars and ninety-five cents justice fees ($8.95), and the further sum of two dollars and sixty-five cents ($2.65) officers' fees and the further sum of seventeen dollars and seventy-two cents ($17.72) attorneys' fees, making in all the sum of two hundred six dollars and forty-nine cents ($206.49) debt and costs.

Given under my hand this 15th day of November, 1910.

                                            A. W. Blasky,
Justice of the Peace in and for Eddy County, North Dakota.

And the following is the affidavit on which the justice continued the cause from October 10 to November 10:

State of North Dakota  }
County of Eddy          } ss.

C. E. Scott, being first duly sworn, deposes and says: That he is attorney for the plaintiff in the above action. That he has used all reasonable diligence to get the necessary witnesses, but has been unable to do so because of the fact that Mr. Dan Rainey, his witness for the plaintiff in chief, has been in the East and is at present in Minneapolis, Minnesota, and will be unable to be present for ten days. That if he is forced to trial to-day he will be unable to prove the plaintiff's case because of the absence of Mr. Dan Rainey: Wherefore he prays a continuance may be granted of thirty days to enable him to get Mr. Rainey.

                                            C. E. Scott.
Subscribed and sworn to before me this 10th day of October, 1910.

                                            A. W. Blasky,
Justice of the Peace in and for Eddy County, North Dakota.

On the return of the writ, the district court, instead of entertaining jurisdiction and adjudicating the cause on its merits, quashed the writ, on the ground that the plaintiff has a plain, speedy, and adequate remedy at law. In this we think the court committed error. While it is true that the district court was vested with a sound judicial discretion to grant or deny the writ when applied for, such discretion was exercised when the writ was issued, and after the case had been brought before it by the issuance of such writ and the return thereto the matter should have been adjudicated upon its merits, as disclosed by the transcript and record from the justice's court. After proceeding thus far, no good purpose would be subserved by requiring plaintiff to resort to some other remedy, even though another adequate remedy may have existed. In this connection, we might say that it appears that a remedy by appeal was not available to plaintiff, for the reason that he did not acquire knowledge of the entry of judgment in the justice's court until after the time for appealing had expired, and the only remedy which plaintiff had, aside from the remedy invoked by him, was an action in equity to enjoin the execution of the judgment; and it does not appear that this was a speedy and adequate remedy. In support of our conclusion that the district court exercised its discretion to grant or refuse the writ at the time the same was issued, see Independent Pub. Co. v. American Press Asso. 102 Ala. 494, 15 So. 947; also People ex rel. Second Ave. R. Co. v. Public Park Comrs. 66 How. Pr. 293, from which we quote as follows: "On the hearing of this case, a motion was made to quash the writ and to dismiss the proceeding upon several grounds, which were fully presented by counsel for the respondents. Some of these grounds may be well taken, but we think the case should be disposed of upon the merits, inasmuch as quashing the writ would simply remit the parties to another proceeding, and would necessarily result in greater delay."

In view of the fact that the record of the justice is before us on this appeal, this court will direct the entry by the district court of such judgment as it should have rendered.

It is perfectly apparent from the respondent's return that he lost jurisdiction by the first continuance. Such continuance was not made by consent of the parties, but the same was applied for under the provisions of § 8373, Rev. Codes. This statute, among other things, pro-

vides as follows: "The trial may be postponed upon the application of either party for a period not exceeding sixty days. 1. The party making the application must prove, by his own oath or otherwise, that he cannot, for want of material testimony which he expects to procure, safely proceed to trial, and must show in what respect the testimony expected is material and that he has used due diligence to procure it and has been unable to do so."

The next section provides that "no postponement shall be granted, as prescribed in the preceding section, for more than five days, unless the party applying for the postponement files an undertaking executed by a sufficient surety approved by the justice, to the effect that he will pay to the adverse party all costs which he shall recover in the action."

Neither of these sections were complied with, and we think it reasonably well settled that a failure to substantially comply therewith operated to oust the justice of jurisdiction. As said by Mr. Justice Wallin, in Benoit v. Revoir, 8 N. D. 229, 77 N. W. 606: "The rule sustained by the decided weight of authority is that a justice of the peace has no lawful right to grant continuances, other than that conferred by the statute. This is especially true in a state where, as in this state, the matter is fully covered by statutory provisions. See 4 Enc. Pl. & Pr. p. 892, and cases in the notes; also Rev. Codes, §§ 8367–8374. Nor is such error a mere irregularity, or error without prejudice. On the contrary, it is a jurisdictional error. See State v. Gust, 70 Wis. 631, 35 N. W. 559; Scullen v. George, 65 Mich. 215, 31 N. W. 841; Whaley v. King, 92 Cal. 431, 28 Pac. 579; School Dist. No. 7 v. Thompson, 5 Minn. 280, Gil. 221; Washington County v. McCoy, 1 Minn. 100, Gil. 78; Vicksburg v. Briggs, 85 Mich. 502, 48 N. W. 625; Redford v. Snow, 46 Hun, 370. These cases assert a rule which seems to be both sound and logical in holding that an unauthorized adjournment by a justice of the peace operates to discontinue the case and oust the jurisdiction."

The views of this distinguished jurist above quoted meet with our full approval. Applying such rule to the facts in the case at bar compels us to hold that the justice, by postponing the case for thirty days without the consent of the defendant, and without a sufficient affidavit showing the facts required by the statute to authorize such continuance, and without exacting an undertaking for costs, operated to oust the

court of jurisdiction. This being true, it is unnecessary to notice the other defects claimed by appellant to exist on the face of the docket entries.

The judgment appealed from is reversed, and the District Court directed to enter a judgment in appellant's favor, annulling the judgment of the Justice's court.

Burke, J., not participating. Honorable S. L. Nuchols, of the Twelfth Judicial District, sitting in his place by request.