STATE OF NORTH DAKOTA on the Relation of E. E. MAYO, C. F. Weed, and W. E. Nichodemus, Respondents, v. THURSBY-BUTTE SPECIAL SCHOOL DISTRICT No. 37, in McHenry County, North Dakota, and Fred Roble, as Clerk of said Special School District, Appellants.

(178 N. W. 787.)

**Schools and school districts — scope of inquiry on certiorari into legality of annexation.**

In a certiorari proceeding to review an order annexing territory to the defendant school district, the defendants filed a return admitting the invalidity of the order, and, in addition, set up prior annexation proceedings under which they claimed the territory to have been previously legally attached to the defendant district, though the latter had not exercised jurisdiction based thereon. it is *held:*

1. Certiorari being a special proceeding and not a civil action, the inquiry under the petition and writ will be confined to the order sought to be reviewed.

**Certiorari — prior acts of school board not determined in proceeding to review a void order.**

2. While a writ of certiorari will not issue unless it may serve some good purpose, where the proceeding is had to review an admittedly void order of a school board, the inquiry to determine whether a good purpose is served thereby will not extend to the determination of the legality of prior acts of the board which may properly be inquired into in the civil action substituted for quo warranto.   (Comp. Laws 1913, § 7969.)

**Schools and school districts — certiorari does not lie to annexation proceedings not depending on jurisdiction.**

3. Under § 8445, Comp. Laws 1913, as amended by chapter 76, Session Laws of 1919, the writ of certiorari issues only to review action by inferior courts, officers, boards, and tribunals who have exceeded their jurisdiction, and is not a remedy to determine the legality of annexation proceedings of a school board the validity of which may or may not depend upon jurisdiction.

Opinion filed June 22, 1920.

Appeal from District Court, McHenry County, *Burr, J.*
Affirmed.

*McGee & Goss,* for appellant.

Section 8445.  A writ of certiorari shall be granted by the supreme and district courts when inferior courts, officers, board, or tribunals have exceeded their jurisdiction, and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent a miscarriage of justice.

The questions for consideration are simply these:  Have they jurisdiction and have they proceeded according to law in the exercise thereof?  State ex rel. Johnson v. Clark, 21 N. D. 528, 131 N. W. 715.

The tendency of decision shall be that the writ shall be brought into use; and that whenever used no miscarriage of justice shall be allowed by its technical or constrained application.   Morrisey v. Blasky, 22 N. D. 430, 134 N. W. 319.

"On review of an order for discovery in aid of execution, it is competent to inquire into the existence of the judgment on which the proceedings are founded."   Weiland v. Krause, 63 N. J. L. 192, 42 Atl. 835.

"The writ (of certiorari) will be awarded or refused according as it may or may not promote the ends of justice." 11 C. J. 131, § 86.

In the light of the history of the statute and its various amendments, and every reason for the existence of a statute, and under the above decision in 175 N. W. 461, the action of the county commissioners was utterly void, and that this territory remains annexed to respondent school district. School Dist. No. 94 v. Thompson, 27 N. D. 459, 146 N. W. 727, construing what is now § 1240, Comp. Laws 1913.

Our supreme court in every instance has favored a construction requiring a hearing and notice given thereof instead of the contrary. That a want of notice is jurisdictional is the settled law. 35 Cyc. 838; State v. Cook (Wis.) 137 N. W. 746; State v. Clifton, 113 Wis. 107, 88 N. W. 1019; State ex rel. Stengel v. Cary, 132 Wis. 501, 112 N. W. 428; State v. Graham, 60 Wis. 395, 19 N. W. 359; State v. Steele. 106 Wis. 475, 82 N. W. 295.

*John E. Greene,* for respondents.

BIRDZELL, J. This is an appeal from a judgment entered in the district court of McHenry county in a certiorari proceeding. It was instituted by electors and taxpayers of Maryland school district No. 144 of Ward county for the purpose of obtaining a review of certain proceedings had by the school board of Thursby-Butte special school district No. 37 in McHenry county, by which the latter attempted to attach certain of the territory of the first-mentioned district. The proceedings complained of were originated by the presentation to the defendant district of a petition for annexation, and at a meeting held in June, 1919, the board of the defendant district made an order annexing the lands embraced in the petition. This order is conceded to be void, and no questions concerning it is raised upon this appeal. Upon the complaint setting up the facts showing the invalidity of the order, a writ of certiorari was issued, commanding the defendants to certify the proceedings, with all things appertaining thereto, to the court sitting in Devils Lake on October 31, 1919.

It seems that some time prior to the petition upon which the defendants acted in June, 1919, there had been some annexation proceedings which affected the territory involved in the later petition, and that these had given rise to some litigation which had terminated favorably to the

defendants. But, notwithstanding the result of that litigation, the defendants had not in fact assumed jurisdiction over the territory. Whether because of misapprehension of the law or otherwise, we need not inquire. The fact is, the defendants did entertain a new petition in May, 1919, and acted thereon in June, 1919. This is the action which forms the basis of the plaintiffs' application in this case and which the defendants admit to be void.

However, the defendants attempted in the first return filed to set up these prior proceedings for the apparent purpose of having it determined that the territory represented by the plaintiffs was in fact legally attached to the defendant district without regard to the void order in June, 1919. Upon motion the original return was stricken and an amended return ordered filed. The amended return reincorporated much of the stricken matter relating to the prior proceedings. But the trial court confined itself to the annexation order of June, 1919, and entered a judgment adjudging it to be void, vacating the same, and giving to the plaintiffs their costs and disbursements. The defendants have appealed from this judgment, and contend here, as in the court below, that the prior proceedings should be reviewed for the purpose of establishing that the territory represented by the plaintiffs is, in reality, legally attached to the respondent district, irrespective of the order which is concededly void. The doctrine contended for by the appellants is that when a plaintiff seeks a review, by certiorari, of proceedings of a board of a quasi municipal corporation to correct action based upon an excess of jurisdiction, the defendant has a right to set up and have litigated all prior matters which might affect the general subject-matter, and thus convert the special proceeding of certiorari into an action of quo warranto, testing the legality of the exercise of corporate power. It is our opinion that this cannot be done.

Counsel rely upon the case of State ex rel. Johnson v. Clark, 21 N. D. 517, 131 N. W. 715, for a double purpose. It is claimed it establishes: First, a broad scope for the remedy of certiorari; and, second, that it is directly in point on the facts and the law applicable in the instant case. The case does establish a broad ground for the remedy of certiorari, and we are not disposed to, in any manner, qualify the holding on this point, for the holding manifestly follows from the language of our statute. Comp. Laws 1913, § 8445. But we cannot agree with

counsel that the case is parallel with the one at bar on the facts and the law, nor can we perceive any strong analogy. In that case the plaintiff, who was a resident taxpayer in North Minot, sought to have reviewed the legality of an order entered by the city council of the city of Minot, annexing the territory to the city. The plaintiff predicated the illegality of the order upon the fact that the village of North Minot had previously been incorporated by an order of the county commissioners of Ward county. But as it appeared that the proceedings looking toward the annexation to the city of Minot antedated the proceedings of the county commissioners, it was held that the commissioners acted without authority. Jurisdiction to incorporate the territory named in the complaint could not inhere in both the board of county commissioners and the city council of the city of Minot at the same time. The question of the legality of the action of the county commissioners was not inquired into to any greater extent than was necessary in order to determine the jurisdiction of the defendants to act. That was manifestly necessary because it is the peculiar office of certiorari to attack excesses of jurisdiction. If the defendants were within their jurisdiction, the writ would necessarily be quashed, and whether or not the defendants were within their jurisdiction at the time the annexation order was made depended upon whether the county board had properly assumed jurisdiction when it incorporated the village of North Minot. In the case at bar it is not pointed out that the validity of the order attaching the territory in any way depends upon the prior proceedings. On the contrary, it is admitted that the order is void. A review of the prior proceedings, therefore, could not affect the order attacked. In these circumstances we cannot see the relevancy of that portion of the return which relates to the prior proceedings.

But it is contended that the writ should not issue unless some good purpose may be served thereby, and that if the court would enter into a consideration of the prior proceedings it would develop that the territory affected by the void order was in reality already a part of the district. If this be true, the appellants are not injured by the judgment, as it determines nothing with reference to the validity of any prior *proceedings.* Furthermore, the inquiry necessary to determine whether or not the writ of certiorari serves a good purpose in this case, to be effective, would involve the consideration, possibly, of more than

questions of jurisdiction. It would involve a full test of the legality of the prior proceedings, such as may be had appropriately in a quo warranto *proceeding* or the civil action substituted therefor. Comp. Laws 1913, § 7969; Weiderholt v. Lisbon Special School Dist. 41 N. D. 146, 169 N. W. 809; 11 C. J. 129. Apparently the Code of Civil Procedure does not contemplate that a special proceeding of this character can be made the appropriate remedy to determine questions that are properly the subject of a civil action.

Morrissey v. Blasky, 22 N. D. 430, 134 N. W. 319, relied upon by the appellant, decides nothing contrary to the views hereinabove expressed. It was there held that after the district court had, on a proper showing, issued its writ of certiorari, it should not have quashed the writ where, upon the hearing had, it appeared that the plaintiff might have pursued some other remedy. This was a matter that might properly have influenced the discretion of the district judge in issuing the writ in the first instance, but it did not preclude a determination of the merits of the case when once the writ had issued. Upon the hearing it appeared that the justice court, in entering the judgment under review, had in fact exceeded its jurisdiction, and this court properly directed the entry of a judgment in the district court in the certiorari proceeding annulling the judgment of the justice court.

It is also argued that the amendment of § 8445, Comp. Laws 1913, as found in chapter 76 of the Session Laws of 1919, so broadens the scope of the writ of certiorari as to include the review sought by the appellant. To the statute which provided for the issuance of the writ when inferior courts, officers, boards, or tribunals have exceeded their jurisdiction and there is no appeal or any other plain, speedy, and adequate remedy, the amendment added the additional provision that the writ should also issue "when, in the judgment of the court, it is deemed necessary to prevent a miscarriage of justice." Suffice it to say in answer to this contention that the appellants are not applying for a writ of certiorari, and the plaintiffs in the writ have sufficiently stated the grounds for its issuance. It is unnecessary to determine here what a petition should state, in addition to the usual statutory grounds, in order to bring the petitioner within the broadened scope indicated by the amendment.

For the foregoing reasons we are of the opinion that, under the cir-

cumstances disclosed by this record, the trial court properly limited the review to the proceedings of the defendant had in June, 1919, and that the judgment appealed from is correct. The judgment is affirmed.

CHRISTIANSON, Ch. J., and ROBINSON, J., concur.

BRONSON and GRACE, JJ., concur in the result.