THE VILLAGE OF VICKSBURG v. EDMUND S. BRIGGS AND ORLANDO BURKE.

*Municipal corporations—Violation of ordinance—Process—Trial— Adjournment—Jurisdiction.*

1. Where the charter of a village fails to provide for the style of process issued to enforce its ordinances, but provides that the village shall in all things not otherwise provided for in the charter be governed and its powers and duties be defined by the general law for the incorporation of villages, a warrant for the arrest of an alleged violator of a village ordinance may properly run in the name of the people of the State of Michigan, as provided by How. Stat. § 2839.

2. In such a case a complaint and warrant charging that on a specified day, and at "the McElvein House, in said village," the defendants used loud, boisterous, and profane language, and that one of them delivered to the other a knife to enable him to make an assault upon a third person, and that he thereupon made such assault, whereby the defendants did commit and promote a disturbance, and did break the peace and quiet of said village, contrary to the provisions of a specified ordinance, entitled "an ordinance relative to disturbances and breaches of the peace," giving the date of its adoption, sufficiently set out an offense under How. Stat. § 2841.

3. Where the charter of a village fails to provide for or regulate the adjournment of causes commenced by warrant for the violation of ordinances, the proceedings are so far in their nature criminal, where commenced by the arrest of the defendant, that the trial, unless otherwise provided for, should be controlled by the provisions of law relative to criminal proceedings before justices of the peace, where the statute authorizes the trial of the person arrested in justice's court, which trial should be had within one week after the return of the warrant, pursuant to How. Stat. § 7094, unless longer deferred for reasons stated in said section.

4. In such a case the receipt of a telegram from an attorney as counsel for the village, and from an attorney who claimed to be the attorney for the defendants, but whose authority they denied, requesting a longer adjournment than one week, will

not authorize such an adjournment, which disclaimer the defendants had a right to make.

Error to Kalamazoo. (Buck, J.) Argued April 14, 1891. Decided May 8, 1891.

Respondents were convicted of a violation of a village ordinance against disorderly persons. Conviction reversed, and a new trial denied. The facts are stated in the opinion.

· *James H. Kinnane* and *W. G. Howard,* for appellants.

*Jesse R. Cropsey,* for plaintiff.

[The points of counsel are fully stated in the opinion. —REPORTER.]

CHAMPLIN, C. J. On April 4, 1889, the defendants were arrested upon a warrant issued upon the complaint of one Clarence Upson, charging them with having violated ordinance No. 6 of the village of Vicksburg, which reads as follows:

"SECTION 1. The village of Vicksburg ordains that it shall be unlawful for any person to commit or promote any disturbance, or to break the peace and quiet of the village of Vicksburg, or any portion thereof, by committing or promoting a breach of the peace.

"SEC. 2. Any person violating the provisions of this ordinance upon conviction thereof shall be punished by a fine not exceeding fifty dollars, or imprisonment in the village prison of said village or in ·the county jail of the county of Kalamazoo for any period not exceeding sixty days, or by both such fine and imprisonment, in the discretion of the court."

On April 5 following, the defendants were arraigned before the justice who issued the warrant, and refused to plead, whereupon a plea of not guilty was entered for each of the defendants, and they then appeared specially,

and made a motion that the complaining witness give security for costs, which motion was overruled. The justice then set the case down for trial on April 9 at 10 o'clock in the forenoon at his office. The village appeared by Jesse R. Cropsey, its attorney, and the defendants appeared specially by David R. Condon as their attorney. No demand was made for a jury. On April 9, 1890, the suit was called, the plaintiff by its attorney being present in court, and the defendants stood mute, but present in court by D. R. Condon. The justice received a telegram from E. M. Irish, as counsel for the village of Vicksburg, and O. T. Tuthill, who claimed to be attorney for the defendants, asking that the case be adjourned to April 17, 1890, at 10 o'clock in the forenoon. The defendants denied that O. T. Tuthill was their attorney, and declared they did not recognize him as such. The justice granted the adjournment until April 17 at 10 o'clock in the forenoon, and required the defendants to recognize for their appearance in the sum of $200, which was given, with Arthur V. Briggs as surety, defendants protesting and not recognizing the jurisdiction of the court, and also denying that O. T. Tuthill was their attorney in the case, and objecting to the adjournment. On April 17, 1890, the suit was called by the justice, and the village was present by its attorney and E. M. Irish. The defendants were present in court, and answered specially by James H. Kinnane, their attorney, who moved to discharge the defendants—

1. Because the case had been adjourned by the court without the consent of the defendants, or either of them, beyond the jurisdiction of the court, and the court had no power or legal authority to adjourn the case arbitrarily for 10 days, as was done.

2. For the reason that the complaint charged no offense under the laws of the State of Michigan.

3. Because the complaint charges no offense known to the village of Vicksburg.

4. For the reason that the ordinance under which the complaint is drawn is in violation of the Constitution of the United States and of the State of Michigan.

5. For the reason that the complaint does not charge any offense known to the by-laws of the village of Vicksburg.

Another reason was added: That the proceedings in the case do not show that the complaint was made by or upon the order of any public officer of the village of Vicksburg, and, no security for costs having been ordered or given, the court is without jurisdiction. The motion was denied, and witnesses were introduced and sworn on behalf of the village, against the defendants' objection that the court had no jurisdiction to determine the case. The court determined that the defendants were guilty of the disturbance, as charged in the complaint, and thereupon sentenced them each to pay $15 fine and $10 costs of suit, and in default of payment of said fine and costs on or before Saturday noon, April 19, 1890, that the defendants, Edmund S. Briggs and Orlando Burke, be confined in the common jail in the county of Kalamazoo for the term of 30 days each, from and including that day. The defendants were left in charge of John S. Day, deputy-sheriff. The commitment was issued at 12 o'clock noon, and delivered to John S. Day, deputy-sheriff, April 19, 1890.

On April 22, 1890, a writ of *certiorari* was served by the sheriff, and the order made releasing the defendants; they having given a recognizance. The case was brought to hearing upon the writ of *certiorari* in the circuit court for the county of Kalamazoo; and the judgment and sentences were affirmed by the circuit court, and the case is brought here by writ of error.

Defendants claim in this Court—

1. That the appellants were arrested upon a void complaint and warrant; that the statement of the offense

was in general terms, and failed to specify that the offense was committed in any public place; that the process runs in the name of the people of the State of Michigan; and that there appears to be no provision for this in the charter of the village of Vicksburg.

2. That, if the court ever had jurisdiction of the case, such jurisdiction was lost by the arbitrary adjournment of the case from April 9 to April 17, a period of more than seven days (How. Stat. § 7094) without the consent and against the protest of appellants.

3. That the penalty imposed by the justice was unauthorized, and therefore void; that the ordinance under which the case was brought does not provide for the taxation of the costs in any sum whatever.

The only error assigned is that the court erred in affirming the judgment rendered in the said cause in the justice's court. Under this assignment of error the only question which this Court can consider is the question whether the justice had jurisdiction to render the judgment he did. The proceedings had before the justice must be governed by the rules applicable to civil proceedings.

The village of Vicksburg was organized under a special act of the Legislature, being Act No. 305 of the Local Acts of 1883, which was revised and amended by Act No. 467 of the Laws of 1887. The ordinance under which the defendants were arrested was authorized under section 4 of the revised act.

Section 7 of Act No. 467 provides that in all suits commenced by warrant for the violation of any ordinance or by-law of said village either party may remove the judgment and proceedings into the circuit court for the county of Kalamazoo by appeal or writ of *certiorari,* and the proceedings therefor and thereon and disposition of the cause in the circuit court shall be the same as on appeal and *certiorari* in criminal cases cognizable by justices of the peace if the case was commenced by war-

rant, and in all other cases the proceedings shall be as in cases of appeal and *certiorari* in civil suits. Section 15 provides that said village of Vicksburg shall in all things not in said act otherwise provided be governed by and its powers and duties defined by Act No. 62 of the Session Laws of 1875, and the acts amendatory and supplementary thereto.

It is conceded by the attorney of the village that there is nothing in the special act which states that the style of the process shall be in the name of the people of the State of Michigan, but under the section last cited he claims that it is governed by sections 2839 and 2841 of Howell's Statutes. Section 2839 provides that—

"Prosecutions for violations of the ordinances of the village may, in all cases except against corporations, be commenced by warrant for the arrest of the offender. Such warrant shall be in the name of the people of the State of Michigan, and shall set forth the substance of the offense complained of, and be substantially of the form, and be issued upon complaint made, as provided by law in criminal cases cognizable by justices of the peace."

Section 2841 enacts that—

"It shall not be necessary in any suit, proceeding, or prosecution for the violation of any ordinance to state or set forth such ordinance or any of the provisions thereof, in any complaint, warrant, process, or pleading therein; but the same shall be deemed sufficiently set forth or stated by reciting its title and the date of its passage, adoption, or approval. And it shall be a sufficient statement of the cause of action in any such complaint or warrant to set forth substantially and with reasonable certainty as to time and place the act or offense complained of, and to allege the same to be in violation of an ordinance of the village, referring thereto by its title and the date of its passage, adoption, or approval. In all prosecutions for violations of the ordinances of the village either party may require a trial by jury."

These provisions of the law show that the warrant in

this case was properly made to run in the name of the people of the State of Michigan, and also that the offense complained of was sufficiently set out in the complaint and warrant before the justice. As before said, the violations of the village ordinances are not considered criminal offenses. *Mixer v. Supervisors,* 26 Mich. 422; *People v. Jackson,* 8 Id. 110; *Jackson v. People,* Id. 262; *County of Wayne v. City of Detroit,* 17 Id. 390; *People v. Controller of Detroit,* 18 Id. 445; *Fennell v. Bay City,* 36 Id. 186. The proceedings to punish violations thereof are provided by statute, and they follow the method of criminal prosecutions under the provisions above cited.

There is nothing in the charter of the village of Vicksburg which regulates or provides for the adjournment of causes commenced by warrant, but we think that the proceedings are so far in the nature of criminal proceedings where suit is commenced by arrest of the defendant that the trial, unless otherwise provided for, should be controlled by the provisions of the law relative to criminal proceedings before justices of the peace, where the statute authorizes the trial of the person arrested in. justices' courts; and hence we think that section 7094, How. Stat., applies, which provides:

"On the return of the warrant with the accused the said justice shall proceed to hear, try, and determine the cause within one week after the return of the same, unless the absence of witnesses from the county without the fault or connivance of the party seeking such continuance shall render such continuance necessary, or unless the sickness of witnesses or of the accused shall render a continuance of such cause necessary; in which case it shall and may be competent for the justice to adjourn or continue the same for such time as may be necessary to secure the ends of justice, not exceeding thirty days in all."

The cause for adjournment in this case when the parties were brought before the justice did not authorize the

adjournment of the case beyond one week from the time they were brought before the justice.

The defendants had a right to disclaim the authority of Mr. Tuthill to act as their attorney, and they had a right to an immediate trial, unless the absence of witnesses made it necessary for an adjournment, which could not in ordinary cases exceed one week. It follows that the justice lost jurisdiction by the adjournment from the 9th to the 17th, and the motion for the discharge of the defendants on that day should have been granted.

It follows that the judgment of the circuit court must be reversed, and no new trial will be granted.

The other Justices concurred.