## PEOPLE *v.* SMITH.

1. Municipal Corporations—Ordinances—Violation—Prosecution—Nature of Proceeding—Criminal Law.
   Prosecutions for violations of city ordinances are not criminal cases within the meaning of the term as used in the general laws of the State.

2. Same—Appeals—Exceptions Before Sentence—Application of Statute.
   The statute (section 11964, 3 Comp. Laws) allowing exceptions to be certified to this court before judgment, in criminal cases, does not apply to convictions under city ordinances.

3. Same—Practice—Special Verdicts.
   While prosecutions for violations of city ordinances are not criminal in the sense that they are in enforcement of general criminal laws, they do so partake of the nature of criminal proceedings, including a verdict of guilty or not guilty, as charged, that the practice of securing by way of findings a number of special verdicts is unwarranted.

4. Same—Mode of Review—Writ of Error.
   Where, after conviction in justice's court of a violation of a city ordinance, there has been an appeal to the circuit court and a judgment there, error is the appropriate remedy to review that judgment.

5. Same—Review on Merits.
   Exceptions before judgment not being appropriate to review a conviction of violation of a city ordinance, review on the merits cannot be had on such an appeal, especially where the bill of exceptions does not purport to contain all the evidence.

Exceptions before judgment from Ionia; Davis, J. Submitted June 14, 1906. (Docket No. 100.) Decided October 29, 1906.

Isaac J. Smith was convicted of violating a city ordinance. Proceedings dismissed, and court below advised to proceed to judgment.

146 Mich.—13.

*W. W. Wicker* and *George E. Nichols,* for appellant.

*Alfred R. Locke,* City Attorney, for the people.

OSTRANDER, J. This case comes here on exceptions before sentence. Defendant was arrested upon a warrant. He appealed from a judgment of conviction in justice's court, and in the circuit court a trial was had without a jury; the court making a finding of facts with conclusion that defendant was guilty as charged. The charge is that the defendant violated an ordinance of the city of Ionia by going about the said city selling, and offering to sell, by sample, goods and property without having obtained a license. The record contains a bill of exceptions, in which is set out the testimony of various witnesses with various exhibits. It is not certified to contain all of the evidence produced at the trial. Exceptions were taken to the findings and to refusals to find as requested by defendant. Twelve errors are assigned, none of which are specifically relied upon or are mentioned in the brief for respondent; some of them relating to rulings upon the admission of evidence, some to the refusal of the court to find facts as requested, some to the final conclusion of the court. It is nowhere asserted that the findings are unsupported by evidence, or that the facts found do not support the verdict.

Two propositions are argued: One, that defendant was, through his principal, engaged in interstate commerce, and therefore not amenable to the ordinance in question; the other, that the ordinance is void because in terms excepting from its operation persons selling vegetables, fish, meat, or farm produce, and bakers delivering bread and pastry to their customers at their dwellings in said city. Violations of the ordinance in question may be punished by fines of not less than $5 or more than $100, or by imprisonment in the county jail not more than 60 days, or by both fine and imprisonment, in the discretion of the court. No comment is made in either brief upon the practice pursued, nor was any reference thereto made

at the hearing.    After the hearing, counsel were requested
to furnish to this court briefs upon: (1) The use and
effect in such proceedings of special findings of fact and
law; (2) the authority for the review by this court in such
cases of proceedings before sentence; (3) whether the
record presents, properly, any question for review.    We
have received such briefs.    As to the first question,
counsel for the respondent say that, an appeal having
been taken to the circuit court from the determination of
the justice, the proceeding was subject, in that court, to
disposition as a civil suit, and the provisions of Circuit
Court Rule No. 26, relating to special findings by the
court, are applicable.    If this argument is approved, it
necessarily follows that the statute provisions for excep-
tions before sentence cannot apply, since they relate to
criminal proceedings only.    3 Comp. Laws, § 11964.
Prosecutions for violations of city ordinances are not
criminal cases within the meaning of the term as used in
the general laws of the State.    *Jackson* v. *People*, 8
Mich. 262; *People* v. *Jackson*, 8 Mich. 110; *People, ex
rel. Mixer,* v. *Board of Sup'rs of Manistee Co.*, 26
Mich. 422; *People, ex rel. Fennell,* v. *Common Council
of Bay City*, 36 Mich. 186; *Village of Vicksburg* v.
*Briggs*, 85 Mich. 502.    It was expressly ruled in *People*
v. *Jackson*, 8 Mich. 110, and *City of Grand Rapids* v.
*Roberts*, 48 Mich. 198, that the statute allowing ex-
ceptions to be certified to this court before judgment,
in criminal cases, did not apply to convictions under
city ordinances.    It is true that *City of Muskegon* v.
*Zeeryp*, 134 Mich. 181, and *People* v. *Bunker*, 128
Mich. 160, were heard and were determined upon
exceptions before judgment; no question being raised
as to the practice.    It is manifest, however, that the
practice should be settled and be uniform.    It was not
intended, in the later cases referred to, to question the
authority of *City of Grand Rapids* v. *Roberts*.    And,
while the proceedings are not criminal in the sense that
they are in enforcement of general criminal laws, they do

so partake of the nature of criminal proceedings (*Village of Vicksburg* v. *Briggs*, supra), including a verdict of *guilty* or *not guilty*, as charged, that the practice of securing by way of findings a number of special verdicts is unwarranted. Nor is it intended by this opinion to deny the right to a review in this court upon writ of error, where after a conviction in justice's court there has been an appeal to the circuit court and a judgment there. Error is the appropriate remedy, in most cases, to review the final judgment of a court of law. The practice has been approved in cases like the present one. *Kitson* v. *Mayor, etc., of Ann Arbor*, 26 Mich. 325; *Village of Vicksburg* v. *Briggs*, 85 Mich. 502; *People* v. *Baker*, 115 Mich. 199. The judgment of this court, in *Jackson* v. *People*, 8 Mich. 262, in which it was held that error would not lie on a conviction in the recorder's court of Detroit for an offense against a city ordinance, was based, it is apprehended, upon want of statutory authority to so review judgments rendered by that tribunal. It has no application to final judgments of circuit courts.

We are urged by respondent to determine the case upon the merits. We must decline to do so. There is no judgment. There is a verdict, a finding that the respondent is guilty. As has been stated, the bill of exceptions does not purport to contain all of the evidence.

The proceeding is dismissed, and the court below is advised to proceed to judgment. No costs will be awarded to either party.

GRANT, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.