PEOPLE v. HYMEN.

APPEAL AND ERROR—EXCEPTIONS BEFORE SENTENCE—MUNICIPAL CORPORATIONS—CRIMINAL LAW.

The statute permitting criminal cases to be reviewed on exceptions before sentence (3 Comp. Laws, § 11964), does not apply to convictions under village ordinances.

Exceptions before sentence from Genesee; Wisner, J. Submitted June 23, 1911. (Docket No. 119.) Decided October 2, 1911.

Edward Hymen was convicted of violating a village ordinance. Exceptions dismissed.

*Rundell & Stockton,* for appellant.

*Farley & Selby,* for the people.

BLAIR, J. The respondent lives in the village of Clio,

Genesee county, Mich., which is incorporated under Act No. 3 of the Public Acts of 1895 (1 Comp. Laws, §§ 27, 69 *et seq.*), and which has not, since the new Constitution of 1909, come under the home rule act (Act No. 278, Pub. Acts 1909). The village council passed an ordinance, section 1 of which provides that it shall be unlawful for any one owning a dog to permit it to run at large in the streets or public places of the village of Clio, without first having obtained a license therefor, signed by the village president and issued by the village clerk. Sections 2, 3, and 4 provide the manner of procuring the license, the time for which it shall be valid, fees to be paid, tag to be used, etc.

The respondent owned a dog, on which he had paid the dog tax to the township treasurer, which, at the date set forth in the complaint, was running at large in the streets of the village of Clio, and for which the respondent had not procured the license required by the ordinance. He was arrested under the ordinance, tried, and convicted in justice's court, appealed to the circuit court, where a trial, without a jury, on stipulation of facts, was had, found guilty by the judge of the circuit court, and the case is brought here on exceptions alleged before sentence.

The statute permitting criminal cases to be reviewed upon exceptions before sentence does not apply to convictions under ordinances. *People* v. *Smith*, 146 Mich. 193 (109 N. W. 411).

The proceeding is dismissed, and the court below is advised to proceed to judgment.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.