LOBAIDO v. DEPARTMENT OF CORRECTIONS

1. STATUTES—LAWS—DEFINITION.
   The term "laws" as used in the statute providing for revocation of parole upon conviction of a felony or misdemeanor under the laws of this state refers only to state statutes and does not include municipal ordinances (MCLA 791.240).

2. PARDON AND PAROLE—LAWS—DEFINITION—STATUTES.
   A violation of a municipal ordinance is not a "felony or misdemeanor under the laws of this state" so as to relieve the Parole Board of the necessity of providing a formal hearing before revoking parole (MCLA 791.240).

3. PARDON AND PAROLE—REVOCATION.
   Failure of the Parole Board to conduct a hearing within 30

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 59 Am Jur 2d, Pardon and Parole § 34 et seq.
[3] Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR 2d 1074.

days on a charge of violation of parole constitutes a waiver of the right of the Board to revoke parole for that violation.

Original action in the Court of Appeals. Submitted Division 2 November 11, 1971, at Lansing. (Docket No. 11393.) Decided November 23, 1971.

Complaint by Frank Lobaido for a writ of mandamus against the Department of Corrections, Parole Board, to compel a hearing on the revocation of plaintiff's parole. Judgment for plaintiff.

*Gelman, Hand & Thompson,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Solicitor General, for defendant.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

Fitzgerald, J. Frank Lobaido, plaintiff herein, was sentenced on May 1, 1946, to life imprisonment for statutory rape and assault with intent to murder. On November 3, 1965, plaintiff was paroled to Wayne County. On May 1, 1967, he was arrested in Detroit for violation of a municipal traffic ordinance and pleaded guilty before a traffic court referee to careless driving. He was fined $60 and released.

Plaintiff was arrested pursuant to a parole violation warrant issued on May 15, 1967, and was returned to custody on June 26, 1967. On July 14, 1967, the Parole Board entered an order which revoked plaintiff's parole, finding that plaintiff was "automatically guilty by reason of conviction". From that order plaintiff brings this mandamus action, asserting that he was denied a formal parole

violation hearing as provided for by the then applicable statute, MCLA § 791.240 (Stat Ann 1954 Rev § 28.2310).[1]

The sole question before this Court is whether the conviction of a violation of a municipal ordinance is a conviction of "a felony or misdemeanor under the laws of this state" so as to relieve the Parole Board of the necessity of providing a formal hearing. See MCLA § 791.240, *supra.*

It has been said that the violation of a municipal ordinance is not a criminal offense in the general sense of the word. As stated in *In re Cox* (1902), 129 Mich 635, 637: "This Court has held that cases under municipal ordinances proper do not rise to the dignity of criminal proceedings * * * ." In *People* v. *Smith* (1906), 146 Mich 193, defendant was arrested upon a warrant for selling goods without a license, contrary to the ordinance. The Court stated that "prosecutions for violations of city ordinances are not criminal cases within the meaning of the term as used in the general laws of the state". *People* v. *Riksen* (1938), 284 Mich 284, reiterated the holding in *Smith, supra,* and declared, "Nor are such violations criminal cases within the meaning of the statutes and rules for review by this Court".

This Court is not unmindful of *contra* case authority. In *People* v. *Hanrahan* (1889), 75 Mich 611, 612, syllabus, it is stated: "Whenever a person does an act which is prohibited by law, and is punishable by fine, penalty, forfeiture, or imprisonment, he commits a crime". However, to come within the auspices of MCLA § 791.240, *supra,* not only must defendant have committed a crime, but he must be convicted of "a felony or misdemeanor under the

---

[1] That statute has since been repealed and has been replaced by MCLA Cum Supp § 791.240a (Stat Ann 1971 Cum Supp § 28.2310 [1]).

laws of this state". This phrase refers only to violations of state statutes and does not include violations of municipal ordinances, for as stated in *Fennell* v. *Common Council of Bay City* (1877), 36 Mich 186, 190: "The term *law*, as defined by the elementary writers, emanates from the sovereignty and not from its creatures. The legislative power of the state is vested in the state legislature, and their enactments are the only instruments that can in any proper sense be called laws".

We reach the conclusion that a violation of a municipal ordinance is not within the meaning of MCLA § 791.240, *supra.*

While no single case is dispositive of this issue, it is well settled in other states that a violation of a city ordinance is not a misdemeanor, and prosecution therefor is properly brought in the name of the city. *City of Helena* v. *Kent* (1905), 32 Mont 279 (80 P 258, 261). In *Pearson* v. *Wimbish* (1906), 124 Ga 701 (52 SE 751, 755), it was held that the violation of a municipal ordinance is not a "misdemeanor" within the meaning of Penal Code 1895, §§ 2, 31, defining misdemeanor and felony, since those sections of the code relate only to offenses against the public laws of the state and not to infractions of local laws of municipalities.

It is unconscionable to believe that when the Legislature passed MCLA § 791.240, *supra,* it intended that a parolee should arbitrarily be returned to incarceration for violation of a minor municipal traffic ordinance such as careless driving. If this was their intent, then a parolee who absentmindedly jaywalks or one who is driving without a taillight could conceivably be returned to jail without so much as a hearing. This Court places no great burden on the Parole Board in determining that where a pa-

rolee violates a municipal ordinance, it is not the intent of MCLA § 791.240, *supra,* that he be returned to prison prior to a full hearing.

The plaintiff is entitled to a full evidentiary hearing as provided by the statute. Failure of the Parole Board to conduct such a hearing within 30 days constituted a waiver of any claim based upon these alleged violations. See *Stewart* v. *Department of Corrections, Parole Board* (1969), 382 Mich 474.

Mandamus granted and this matter referred to the Department of Corrections for action consistent with this opinion.

All concurred.