HANNAH HULL *vs.* JOHN D.. GALLUP, EXECUTOR.

The plaintiff, who had had forty years experience in taking care of the sick and for twenty years had made nursing her business, was employed to take care of a person diseased with a cancer. After his death she sued his executor for compensation. Held that the defendant could not introduce evidence as to what a person of considerable experience in taking care of the sick in his own family and among his neighbors, would have been willing to do it for.

Nor as to what a " competent man " could have been procured to do it for.

Evidence of the value of such service would not determine the value of the skilled service of the plaintiff.

And if the deceased chose to employ an experienced and professional nurse, when one of less experience and skill would have answered the purpose, it was no reason why the experience and skill should not be adequately paid for.

A statement of what a person would have done certain work for is not equivalent to a statement of the value of the work. He might, for reasons of his own, have been willing to do it for less than its value.

ASSUMPSIT to recover for services as a nurse; brought to the Court of Common Pleas of New London County, and tried to the court before *Mather, J.*

Upon the trial the plaintiff introduced evidence to show that she had rendered services to the defendant's testator, George Gallup, from June, 1873, till February, 1874, by taking care of a cancer from which he then suffered. Her services were the same during the whole of the time. The parties were at issue upon the question whether the services had been fully paid for and the value of the services.

Proper care of the cancer consisted in washing it, carefully removing the discharge, applying disinfectants, and bandaging it three or four times a day.

The plaintiff's knowledge of nursing had been derived from nursing more or less for forty years, during which she had had one hundred cases, two-thirds of them within the last twenty years, during which she depended on nursing as a business. She had never been trained or instructed at any hospital, medical or training school. She gave full satisfaction to her employers. She had had no cancer case before this one.

The out-door work of Mr. Gallup's place consisted of taking care of one horse, one cow and some chickens. The defendant introduced one John B. Sisson, who testified that he had seen Mr. Gallup several times during the period while his cancer was discharging, and had seen it dressed by the plaintiff on September 1st, 1873; and that he had had considerable experience with the sick in his family and among his neighbors.

The defendant, in order to show the value of the plaintiff's services, offered to show by Sisson, that he had made an offer on September 1st, 1873, after seeing the cancer dressed, to take care of Mr. Gallup and do his out-door work for one dollar a day; and asked the witness the following question: "For how much would you have taken care of Mr. Gallup and done the out-door work at the place?" To this evidence the plaintiff objected, and the court rejected it.

The defendant further offered to prove by himself as a witness what it would have cost to secure a competent man to take care of the cancer and do the out-door work, and that such a man could have been secured for one dollar a day, and for that purpose the following questions were asked him by his counsel: "State whether you made inquiries to find out what you could get a man for to do the out-door work Dean did and take care of your uncle?" and, "For what price could you procure a competent man September 1st, 1873, to do the out-door work and take care of Mr. Gallup?" To these questions the plaintiff objected, and the court rejected them.

The court having rendered judgment for the plaintiff, the defendant moved for a new trial for error in the rulings of the court.

*J. T. Wait* and *G. Greene, Jr.*, in support of the motion, cited *Elting* v. *Sturtevant*, 41 Conn., 176; *Abbott* v. *Wise*, 15 id., 254, 260; *Murray* v. *Ware*, 1 Bibb, 325; *Symmes* v. *Frazier*, 6 Mass., 347; *Benham* v. *Dunbar*, 103 id., 365; *Diefendorf* v. *Gage*, 7 Barb., 18; *Campbell* v. *Woodworth*, 20 N. York, 499; *Gill* v. *McNamee*, 42 id., 44;

*Harrison* v. *Glover*, 72 id., 451; *Wehle* v. *Butler*, 43 How. Pr. R., 5; *Thornton* v. *Campton*, 18 N. Hamp., 20; *White* v. *Concord R. R. Co.*, 30 id., 188; *Stockbridge* v. *Crooker*, 34 Maine, 349.

*A. P. Tanner*, contra.

GRANGER, J. A new trial is sought in this case solely on the ground of the exclusion of certain questions which the defendant's counsel asked of one of the witnesses summoned for the defendant. We think the ruling of the court was proper.

The first question was as to the price for which the witness would have been willing to attend upon Mr. Gallup. The point in issue was the value of the services of the plaintiff as a nurse in taking care of him. It was of no importance what the witness would have been willing to do it for. He might, for reasons of his own, have been willing to do it for less than it was really worth. Besides this, he had had comparatively little experience in taking care of the sick and was not a professional nurse. The plaintiff had had forty years experience in it, and for the last twenty years had followed nursing as a business. It is true she was not a hospital trained nurse, but she had acquired skill from long experience, and the value of her services as a skillful nurse is not to be measured by the value of the services of the witness, even if his statement of what he would be willing to do it for could be regarded as evidence of the value of his services.

The other two questions relate to the cost of the service of "a competent man" in taking care of Mr. Gallup and doing certain out-door work. The fact that the out-door work was included is perhaps of no importance, since the value of the whole service was put by the witness below the price charged by the plaintiff. But here again the attempt is made to determine the value of the skilled service of the plaintiff by ascertaining what a merely "competent" man would have been satisfied with. If Mr. Gallup chose

to employ a nurse of greater experience and skill than he needed, it is no reason why that experience and skill should not be adequately paid for.

A new trial is not advised.

In this opinion the other judges concurred.