GAGE, RESPONDENT, *v.* MARYATT, APPELLANT.

JUSTICE'S COURT — *Practice — Waiver of defective summons by appeal.* — The defendant appealed to the District Court from a judgment by default rendered against him in a Justice's Court, and appearing specially, moved to dismiss the action upon the ground of a defective summons. *Held,* that the defendant having appeared generally in taking his appeal, thereby waived the irregularities in the summons, and could not subsequently appear specially for the purpose of a motion to dismiss.

SAME — *Appeal — Trial de novo.* — Under section 826 of the Code of Civil Procedure, providing that "all appeals from Justices' Courts shall be tried anew in the District Court on the papers fil·d in the Justice's Court," a judgment by default will be affirmed, on appeal, where no motion was made in the Justice's Court to set aside the default, or other appropriate relief sought; the complaint being sufficient for the court in which it was originally filed.

*Appeal from Third Judicial District, Gallatin County.*

The judgment was rendered by LIDDELL, J.

*J. A. Staats,* for Appellant.

*Luce & Luce,* for Respondent.

BLAKE, C. J. — This action was commenced in the Justice's Court of Gallatin County by Gage, to recover from Maryatt the sum of fifteen dollars, and for the return of a bull, or eighty-five dollars, its value. These matters are stated in the summons, and also the following notification: "That if you fail to appear and answer said complaint, as above required, the said plaintiff will take a judgment by default against you for the sum of one hundred dollars, if a delivery cannot be had, and costs of suit." The summons was served personally upon Maryatt, who did not appear, and his default was entered. Afterwards, witnesses were called and testified, and judgment was entered according to the prayer of the complaint.

Maryatt then appealed to the District Court, and appeared specially, and moved to dismiss the case for these reasons: That the Justice's Court had no jurisdiction of the person of the defendant, because the summons "does not state the nature of the action sufficiently explicit to apprise defendant thereof," and also that the summons "does not comply with the statute providing for notice to apprise defendant what judgment plaintiff will take if default is entered in said action." The court over-

ruled the motion, and affirmed the judgment of the Justice's Court; and from this action Maryatt appealed.

We do not intend to determine all the questions relating to the summons which have been raised by the appellant, but can say that the defendant was apprised, in general terms, of the nature of the claim of the plaintiff against him, and there was a partial compliance with the Code of Civil Procedure, section 742. But the irregularities in the summons were waived by Maryatt when he voluntarily appealed the case to the District Court. In *Lowe* v. *Stringham*, 14 Wis. 244, Mr. Judge Paine says: "The object of an appeal, in such cases, is to try the case anew in the appellate court, on its merits, and not to review errors of the justice. The taking of such an appeal is equivalent to an appearance, and gives the appellate court jurisdiction over the person, whether the service of the process before the justice was sufficient for that purpose or not." In *Fee* v. *Big Sandy Iron Co.* 13 Ohio St. 564, the court says: "The service in the present case is not shown to be in conformity to the Code. . . . . The common pleas, therefore, did not, by the return upon the summons, acquire jurisdiction over the defendant. But the corporation, by appearing in court, and causing notice of its intention to appeal from the judgment to be entered upon the record, thereby appeared in the action, and submitted itself to the jurisdiction of the court, and cannot now be permitted, on error, to allege a want of jurisdiction in the court." (*Marsden* v. *Soper*, 11 Ohio St. 503; *Barnum* v. *Fitzpatrick*, 11 Wis. 81; *Blackwood* v. *Jones*, 27 Wis. 498; *Perry* v. *McKinzie*, 4 Tex. 154; *Malone* v. *Clark*, 2 Hill, 658.) The court rightfully overruled the motion to dismiss the action. The appellant, having appeared generally in taking his appeal, could not subsequently appear specially, for the purpose of making the motion of dismissal.

The Code of Civil Procedure provides that "all appeals from Justices' Courts shall be tried anew in the District Court, on the papers filed in the Justice's Court. . . . ." (§ 826.) In *Martin* v. *District Court*, 13 Nev. 90, Mr. Justice Beatty says: "All the District Court can do, in a case appealed from a Justice's Court, is to try it anew (Comp. Laws, § 1643), and, if no sort of issue has been made or tried in the Justice's Court, there is

nothing to be tried anew." (*People* v. *County Court*, 10 Cal. 19; *Funkenstein* v. *Elgutter*, 11 Cal. 328; *Rickey* v. *Superior Court*, 59 Cal. 661.) The authorities are uniform in holding that the appellant should have appeared and answered in the Justice's Court, or moved to set aside the default, or sought other appropriate relief. In this way the issues could have been settled, and upon an appeal there could be a new trial.

When, however, the case was within the jurisdiction of the District Court, the appellant made no effort to procure an adjustment of his rights by seeking any redress, but placed that tribunal in this position, that it must affirm or reverse the judgment of the Justice's Court. The complaint is not technically correct, but it is sufficient for the court in which it was originally filed, and where great liberality is·allowed in formal matters. The court below was therefore compelled to affirm the judgment of the Justice's Court. It is therefore adjudged that the judgment be affirmed, with costs.

HARWOOD, J., and DE WITT, J., concur.