## In re KINGSLEY.

(District Court, D. Vermont. March 30, 1908.)

1. GUARDIAN AND WARD—DISABILITY—NATURE AND EXTENT.

The disability of a person under guardianship is a creature of statute, and does not follow the ward when he removes to another state, but only affects the rights of parties within the territorial limits of the application of the statute under which the guardianship proceedings were had.

2. ADMINISTRATORS—FOREIGN ADMINISTRATOR—RIGHT TO SUE.

Courts will take no notice of the right of a foreign administrator to sue; but, before he can be recognized as the personal representative of the deceased, he must be clothed with authority from the laws of the state in whose courts he desires to appear.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2330.]

3. GUARDIAN AND WARD—FOREIGN GUARDIAN—RIGHT TO SUE.

A foreign guardian cannot sue, unless authorized to do so by the laws of the state in whose courts the suit is brought.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, § 570.]

4. BANKRUPTCY—VENUE—WARD—CHANGE OF DOMICILE.

Where a ward under guardianship in New Hampshire changed his domicile with the consent of the guardian to Vermont, and there resided for six months prior to the filing of his voluntary bankruptcy petition, the court of bankruptcy in Vermont had jurisdiction, notwithstanding the New Hampshire guardianship, and the fact that proceedings were there pending for the settlement of the bankrupt's estate in insolvency.

Cain & Benton, for petitioners.

Gibson & Waterman, Chase & Daley and A. P. Carpenter, for bankrupt.

MARTIN, District Judge. The bankrupt filed his voluntary petition in bankruptcy February 24, 1908, was adjudicated a bankrupt on the same day, and the case referred to Referee Cudworth. On March 10th the petitioners filed their petition, alleging in substance that said Brigham was duly appointed guardian of said bankrupt on June 16, 1905, by the honorable probate court in the county of Cheshire, in the state of New Hampshire; that he is now serving as such guardian; that said bankrupt was, at the time of said appointment of said guardian, a resident of the state of New Hampshire, and that his residence has remained there from thence hitherto; that said Cain & Benton are creditors of said Kingsley; that said probate court appointed a commissioner under the laws of New Hampshire for the purpose of allowing claims of the creditors of said Kingsley; that prior to the appointment of said commissioner several suits had been commenced against said Kingsley and were pending in the courts of New Hampshire at the time of the appointment of said guardian and commissioner, whereupon, by virtue of the statute of said New Hampshire, all said suits were discontinued, and the creditors' claims have been passed upon by said commissioner, who has filed his report in said probate court; and that the adjudication of bankruptcy should be vacated for want of jurisdiction of this court. On March 12th notice was given that the court would hear the parties and their evidence relating to the facts set forth in said petition at chambers, in Brattleboro, March 25, 1908, at 10 o'clock a. m., at which time and place the parties, with counsel and witnesses, appeared and were heard.

It appeared from the evidence that said Kingsley filed with the honorable probate court aforesaid his petition praying for the appointment of a guardian over himself "by reason of physical disability." The copy of said petition before me bears no date; but there is appended thereto a copy of the probate court's decree, under date of June 3, 1905, granting the prayer of the petition, whereupon the petitioner, Hosea W. Brigham, was appointed guardian of said Austin N. Kingsley under date of June 16, 1905, and in the letters of guardianship this language is found:

"You shall take care of the person and estate of your said ward," etc.

It appeared from the evidence that the guardian never made any attempt to control the person of his ward; that his ward, the bankrupt, left the state of New Hampshire, and came to Brattleboro, Vt., to reside, over a year before filing in this court his petition in bankruptcy, and has resided in said Brattleboro continuously ever since; that during his said residence in said Brattleboro, Vt., the said guardian has furnished his said ward, the bankrupt, funds for his living expenses, whenever applied to, without protest as to his ward's choice of residence.

It is claimed by the petitioners that a person under guardianship cannot change his residence, under any circumstances, during the continuance of the guardianship. The disability of a person under guardianship does not follow him when he removes to another state. Such disability is a creature of the statute, and cannot affect the rights of parties outside of the operation of the statute under which guardianship proceedings were had. Hannah Hull v. John D. Gallup, Ex'r, 49 Conn. 279; Powers, Guardian, v. Mortee, Fed. Cas. No. 11,362, 4 Am. Law Reg. (O. S.) 427; Morrell v. Dickey, 1 Johns. Ch. (N. Y.) 153; Story on Conflict of Laws, § 504.

In this country it is settled that our courts will take no notice of a foreign administrator, as conferring to him the right of action here. Before he can be recognized as the personal representative of the deceased, he must be clothed with authority from the laws of the state in whose courts he desires to appear. Taylor v. Barron, 35 N. H. 495. Authorities without number can be cited in support of this doctrine. The same principle applies to a guardian.

The guardianship proceedings were based upon the ward's application, which asserted physical disability. It appears that the only decree of the court shown by the records is in this language:

"Upon consideration of the foregoing petition, it is decreed that the prayer thereof be granted, and that letters of guardianship issue to the said Hosea W. Brigham accordingly."

Whether such a decree of the court would subject the person of the ward to the legal will of the guardian to the extent of a legal control of the domicile of his ward need not be passed upon, as the facts affirmatively show that the domicile of the ward was changed by the consent of the guardian. Kirkland v. Whately, 86 Mass. 462. A domicile of six months is sufficient to give a court jurisdiction in bankruptcy proceedings.

It is claimed by the guardian that he holds the property of the bankrupt under the insolvency laws of New Hampshire, which are not suspended by the bankruptcy enactments of Congress, and therefore this court of bankruptcy cannot administer upon the estate of his ward. It is unnecessary to discuss that question now. The real question is that of jurisdiction of the court in adjudging Austin N. Kingsley a bankrupt. Having been a resident of Vermont for a period of more than six months gives him a right to apply to the court of bankruptcy for relief from all of his creditors, whether they are within or without the jurisdiction of Vermont or New Hampshire. The fact that he is under guardianship in New Hampshire and proceedings are pending there in the probate court—a court that has no power to relieve an insolvent debtor, except as to creditors residing in that state or voluntarily coming within its jurisdiction— does not deprive the bankrupt of seeking the benefits of the national acts of bankruptcy in the federal court having jurisdiction of the district where the bankrupt has been domiciled for six months previous to the filing of his petition.

The administration of the assets of the bankrupt, now in the possession of the guardian in New Hampshire, is a matter to be settled hereafter in the court having jurisdiction of such questions.

The petition that the bankruptcy proceedings in this district be vacated is dismissed.