## J. L. ALLEN, Respondent, v. CHARLES BOHNER, Appellant.

### (208 N. W. 234.)

**Justice court — appeal from justice court — appearance in district court.**

1. An appeal from justice court upon questions of law and fact, accompanied by a demand for a new trial, constitutes a general appearance in the district court.

**Courts — jurisdiction invoked by party cannot be objected to by same party without leave.**

2. One who invokes the jurisdiction of a court to determine a cause on the merits cannot thereafter, without leave, appear specially to object to the jurisdiction.

**Courts — jurisdiction invoked by party cannot be objected to by same party on ground of noncompliance with conciliation statute by adverse party.**

3. One who invokes or voluntarily submits himself to the jurisdiction of a court cannot later object to the exercise of jurisdiction on the ground of noncompliance by the adverse party with the conciliation statute (Laws 1921, chap. 38.)

Opinion filed March 11, 1926.    Rehearing denied April 8, 1926.

Appearances, 4 C. J. § 70 p. 1370 n. 6.   Courts, 15 C. J. § 105 p. 810 n. 66. Justices of the Peace, 35 C. J. § 477 p. 783 n. 28.

Appeal from the District Court of Foster County, *Coffey, J.* Affirmed.

*C. B. Craven,* for appellant.

---

Note.— (1)   Appeal from justice court as general appearance, see 2 R. C. L. 334, 1 R. C. L. Supp. 506.

Steps to secure the immediate delivery of property are not required to be taken by the plaintiff, in order that he may maintain action. The right of immediate delivery is a privilege of the plaintiff which he may exercise or not at his option. Wellman v. England, 38 Cal. 583.

Right to maintain an action does not depend upon plaintiff making claim for immediate delivery. This is a privilege secured by statute but is not compulsory. Wellman v. England, 38 Cal. 583; Simpson Brick-Press Co. v. Marshall, 5 S. D. 528, 59 N. W. 728.

A void process is not subject to amendment. In other words, there must be something to amend. Therefore, it is impossible for the plaintiff, by suing out a provisional remedy after the service of the void process issued, to correct or amend the process so as to obtain jurisdiction either of the person of the defendant or of the subject-matter of the action. 32 C. J. 531 and cases cited in notes 74–76.

It is the general rule of pleading that where there is a conditional precedent to the right of action, the performance of the condition must be alleged by the plaintiff in order that the complaint may state a cause of action. 31 Cyc. 107 and cases cited in note 68.

*Hoopes & Lanier,* for respondent.

An action of replevin is said to be in the detinue when the defendant retains possession of the property until after judgment in the action. Black's Law Dict.

Detinue, in practice, is a form of action for the recovery, in specie, of personal chattels from one who acquired possession of them lawfully. Black's Law Dict.

The proceeding ordinarily spoken of as "claim and delivery of personal property" is merely ancillary to an action for the recovery of possession of specific personal property and is a provisional remedy "in the action." Eads v. Wagner (S. D.) 153 N. W. 302.

BIRDZELL, J. The plaintiff began an action in justice court to recover possession of an automobile or obtain a judgment for its value. He did not attempt to gain immediate possession of the chattel. The summons served upon the defendant notified him that, unless he should appear and defend, there would be a judgment taken against him by default in the sum of $200. A complaint was filed before the justice, alleging wrongful detention of the car by the defendant and the taking

of the same without authority of law and under claim of lien. The defendant appeared by his attorney and moved for a dismissal upon the ground of lack of jurisdiction. Upon the denial of the motion, the defendant made no further appearance and judgment was given for the plaintiff by default, awarding him $125 as the value of the car, and damages for detention ($50) plus costs. While the exact grounds of the motion for dismissal do not affirmatively appear in the record of the justice of the peace, the transcript on appeal to the district court shows that the grounds urged were that the plaintiff had not completed his provisional remedy in an action of claim and delivery. In a demurrer, which was filed with the notice of appeal and undertaking on appeal to the district court, the defendant has stated as a ground of demurrer that the amount involved is less than $200 and that no attempt had been made by the plaintiff, before the commencement of the action, to conciliate the claims upon which it is based. After the appeal had been taken to the district court, the plaintiff filed an affidavit and undertaking in claim and delivery and, through the sheriff, obtained possession of the property. When the matter came on to be heard in the district court the defendant submitted the issues arising upon the demurrer to the district court. His demurrer being overruled, he made no further appearance in the action; whereupon proof was taken and judgment ordered and entered finding the plaintiff entitled to the possession of the property and assessing his damages for detention at $40. The appeal to the district court was upon questions of law and fact, and a new trial was demanded. There are additional procedural facts that need not be stated.

On this appeal the appellant contends that there is but one issue and that is whether or not an action to recover possession of personal property is a provisional remedy under the statute, within the exceptions provided by § 5 of chapter 38 of the Laws of 1921, relating to conciliation. It is the appellant's claim that the action was begun in justice court and further prosecuted upon appeal in the district court without any steps having been taken previously to effect a conciliation under the statute cited. It is shown that the conciliation act prohibits the issuance of process in any action "unless the moving party shall file in court the certificate of a conciliator showing that an attempt has been made to effect a settlement of the claim and that such attempt

has failed," the exceptions being that this prohibition "shall not apply to actions known as provisional or remedial remedies, actions involving title to or possession of real estate and suits involving over $200. Provided, however, that any district judge in chambers may in a particular instance, on a proper showing, direct the issuance of any such process in any trial court without recourse to conciliation proceedings."

It is said that an ordinary action to recover the possession of personal property or damages is not the provisional remedy of claim and delivery embraced within chapter 9 of the Code of Civil Procedure; and that this provisional remedy is invoked, within the exceptions to the conciliation statute, only when the plaintiff "at the time of issuing the summons or at any time before answer" (Comp. Laws 1913, § 7516), takes the steps necessary to effect an immediate delivery of the property (see §§ 7516, et seq., Comp. Laws 1913); and that where the action is not begun in this manner and the amount involved is less than $200, it is prerequisite that the plaintiff shall first comply with the conciliation statute. Conceding, without deciding, that these contentions are well founded, we cannot properly reverse the judgment appealed from unless the question is presented on the record here.

The appellant's objection goes to the jurisdiction both of the justice of the peace and the district court to render the judgment appealed from. If it be conceded that his appearance in justice court was a special appearance, he has clearly lost any advantage gained thereby, for, by his unlimited appeal, he has not only submitted to the jurisdiction of the district court but has invoked its authority to determine the controversy on its merits. This was a general appearance. Gage v. Maryatt, 9 Mont. 265, 23 Pac. 237; Lyons v. Miller, 2 N. D. 1, 48 N. W. 514. He became the moving party and, having demanded a new trial, he is in no position to have his appearance regarded thereafter as a special appearance for the purpose of objecting to the jurisdiction of the court. Lyons v. Miller, supra. One who invokes the jurisdiction of a court cannot terminate it capriciously. As a rule, after a general appearance a special appearance will not be allowed. 2 Standard, Proc. 512; Gage v. Maryatt, supra.

The statute involved only prohibits the issuance of process, and, as it is the function of process to give the court jurisdiction, either of

parties or subject matter, one who is voluntarily in court for all purposes cannot assert lack of jurisdiction of his person.

Judgment and order affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.

## On petition for rehearing.

BIRDZELL, J. The appellant has filed a petition for rehearing in which he urges that the district court was without jurisdiction of the subject-matter of the action and that nothing had been done which could be said to have conferred jurisdiction upon that court. It is argued that the situation is analogous to that presented in Finn v. Walsh, 19 N. D. 61, 121 N. W. 766. In this case it was held that the county court, being a court of limited jurisdiction, could not adjudicate questions of title between rival claimants and that, since such jurisdiction was not conferred as a part of the probate jurisdiction of the county court, the district court upon appeal was equally without jurisdiction to determine the question; and that jurisdiction to determine such a question could not be conferred upon the county court by consent. The situation presented here is not, in our opinion, analogous. The conciliation act does not curtail the jurisdiction of courts as to subject matter; it only prescribes conditions which must be fulfilled before parties may resort to courts or certain courts for the settlement or determination of their controversies.

The petition is denied.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.