[File No. 6373.]

# IN THE MATTER OF THE GUARDIANSHIP OF NORA MAY JONES, Incompetent, and Leonard Golden, Incompetent.

## NORA MAY JONES, Incompetent, Appellant, v. LEE GOLDEN, as Guardian of Nora May Jones, Incompetent, Appellee.

(263 N. W. 160, 102 A.L.R. 441.)

Opinion filed November 4, 1935.

*F. J. Graham,* for appellant.

186

*E. E. Cassels,* for respondent.

MORRIS, J. On August 14, 1933, Lee Golden filed in the county court of Dickey County, North Dakota, a petition asking that he be appointed the guardian of his sister, Nora May Jones, incompetent. On the same day, Mrs. Jones, the appellant, appeared in court and signed a written statement before three witnesses naming Lee Golden as her guardian and requesting his appointment as such. The minutes of the court show that the matter was called for hearing; that Mrs. Jones was present; that the court asked if she desired the appointment of a guardian for her person and property, to which she answered,

"Yes." He also asked whom she desired as guardian and she answered "Lee Golden." The court thereupon issued an order appointing him as guardian of her person and estate. No citation or notice was issued by the court. After acquiescing in the authority of the guardian for almost a year, appellant filed in the county court a petition for rehearing asking that the order appointing the guardian be vacated and set aside and that the proceedings for the appointment of the guardian be dismissed upon the ground that there was no service of citation or waiver thereof. After hearing had upon the petition for rehearing, the court affirmed its order of August 14, 1933, appointing the guardian. Mrs. Jones then appealed to the District Court on questions of law and fact and demanded a trial de novo. This appeal was heard in the district court on March 8, 1935. The district court continued the matter until May 20, 1935, in order to give the appellant an opportunity to contest the retention of a guardian over her property. The appellant in the meantime had taken up her residence in Florida where she appeared before the circuit court of the 13th judicial circuit of that state, and in a proceeding wherein the guardian was not a party she was determined to be judicially competent and was authorized to take possession of her property.

When the hearing in the district court of Dickey county was resumed on May 20, 1935, the appellant amended her petition setting up the proceedings had in Florida as binding upon the court and asking for dismissal of the guardianship proceedings. The propriety of permitting this amendment is not before us on this appeal. The appellant attempted to introduce the authenticated judgment of the Florida court and the respondent's objection thereto was sustained. No other evidence was offered and the district court affirmed the order of the county court appointing Lee Golden as guardian of the appellant. Nora May Jones then perfected this appeal and demands a trial de novo in the Supreme Court.

Section 8886, 1913 Compiled Laws, provides: "When it is represented to the county court upon verified petition of any relative or friend, that any person is of unsound mind or from any cause mentally incompetent to manage his property, the judge must cause such person

to be cited as in other cases, except that the time of service may be the same as upon motion."

We must determine whether or not the appellant, not having been cited, submitted to the jurisdiction of the court by appearing personally, stating to the court that she wished to have a guardian appointed for her person and property and that she desired Lee Golden to be such guardian, and signing a written request for his appointment. The appellant urges that if she is incompetent to care for herself and property she is incompetent to waive her legal rights and cannot be considered competent for the purpose of such waiver at the beginning of the hearing and upon its conclusion be determined to be so incompetent as to require the appointment of a guardian. This argument is not without the support of authority. McGee v. Hayes, 127 Cal. 336, 59 P. 767, 78 Am. St. Rep. 57; Behrensmeyer v. Kreitz, 135 Ill. 591, 26 N. E. 704; North v. Joslin, 59 Mich. 624, 26 N. W. 810; Morton v. Sims, 64 Ga. 298. These cases do not involve statutes such as we have in this State and for that reason lose much of their value to us as authority in this jurisdiction. The material portions of these statutes are as follows:

Section 8560, Compiled Laws of 1913: "In a county court every party of full age, who has not been judicially declared incompetent to manage his affairs, may appear and prosecute or defend a proceeding in any case either in person or by an attorney regularly admitted to practice in this State, except when he is required to appear or otherwise act in person, pursuant to a special provision of this code; and is held to appear in each proceeding from the time when he has been duly cited to appear."

Section 8561, Compiled Laws of 1913: "When a minor or a person who has been judicially declared to be incompetent to manage his affairs is a party, he must appear and act by guardian except when he makes application for the appointment of a guardian."

Section 8544a1, 1925 Supplement to Compiled Laws: "The process by which the court obtains jurisdiction of the parties in each proceeding who do not appear therein, is by citation."

Section 8544a7, 1925 Supplement to Compiled Laws: "Every party to any proceeding of any kind in the county court, except actions or

proceedings under the increased jurisdiction law in county courts having increased jurisdiction, who is of full age and has not been declared to be incompetent, may enter his appearance in writing, . . ."

From the foregoing sections it appears that the county court may obtain jurisdiction over a party by his personal appearance, if the party is of full age and "has not been judicially declared incompetent to manage his affairs." These sections govern the acquisition of jurisdiction in various proceedings under the probate code, including § 8886, supra. Every person of lawful age is presumed to be competent until the contrary is proven. The mere fact that a petition has been filed alleging incompetency does not overcome the presumption. It continues in proceedings of this nature until a determination of incompetency has been made by the court and such determination, when made, is not retroactive. In this case since the appellant had not been judicially declared to be incompetent, she might lawfully appear personally in open court and resist or assent to the petition for the appointment of a guardian. She chose to appear at the hearing in person and both orally and in writing request the appointment of the respondent. She thereby came within the jurisdiction of the court to the same extent as though she had been cited to appear. Scott v. Whitely, 168 Minn. 74, 209 N. W. 640.

The next question in this case arises upon the contention of the appellant that the district court erred in refusing to admit in evidence the authenticated copy of the judgment of the Florida court restoring the appellant to competency. She urges that since she became a resident of Florida that the judgment of that court is binding upon the North Dakota court upon the question of her competency. Our statute does not make it a duty of the guardian of the person to keep his ward in actual custody. He may permit the ward to go from place to place and even from State to State. In this case the ward went to Florida and the guardian furnished her funds while there. She may have acquired a domicile in Florida but this does not mean that the courts of this State thereby lost jurisdiction which it had once acquired over her or her property within this state. "Insanity is not a status. If insanity is found at the domicile it does not affect the condition of the person in another state; if he is to be treated as insane in the other

State, he must there be found insane. So a person found sane at his domicile may be found insane in another state." Beale, Conflict of Laws, § 120.9.

While insanity and incompetency are not synonymous terms yet the reasoning applicable to their determination is similar. A person may be found to be competent in one state but that determination does not terminate the incompetency previously established in another state. Incompetency is a creature of statute. Re Kingsley (D. C. Vt.) 160 F. 275, 20 Am. Bankr. Rep. 427. The jurisdiction of the county court of Dickey county does not extend to Florida, and does not determine the appellant's competency or incompetency in that State. Conversely it would appear that the Florida court may not terminate incompetency which had previously been established in this State by the county court of Dickey county. Section 8889, Compiled Laws of 1913, provides a procedure for restoration to competency. If the appellant has in fact become competent, she cannot substitute for this procedure the determination of the court of a foreign State.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.