[File No. 7268]

ERNEST TOOZ, Appellant, v. THEKLA TOOZ, as Administratrix with Will Annexed, ROSELLA HERMES (MRS. WM. HERMES), DORIS TOOZ and ALICE TOOZ, Respondents.

(50 NW2d 61)

Opinion filed Nov. 16, 1951

*J. K. Murray,* for appellant.
*Floyd B. Sperry,* for respondent.

MORRIS, Ch. J. This is an appeal from an order of the District Court of Dunn County dismissing two appeals from orders of the County Court of Dunn County dismissing a petition for the contest of the will of Fred Tooz, deceased, after probate, and to revoke the probate of the will. The petitioner has sought to invoke the last three subdivisions of Section 30–0608 RCND 1943. This section provides:

"When a will has been admitted to probate, any person interested therein, at any time within one year after such probate, may contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations that evidence discovered since the probate of the will, the material facts of which must be set forth, shows: 1. That a will of the decedent, of later date than the one proved, revoking or changing the former will, has been discovered and is offered; 2. That some jurisdictional fact was wanting in the former probate; 3. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or 4. That the former will was not duly executed and attested."

The determination of this controversy requires a consideration of facts disclosed by the record made in the county court, which has been certified to us on this appeal.

Fred Tooz, a resident of Dunn County, died on the tenth day of February 1947. On the sixth day of March 1947, Ernest Tooz, a son of the deceased, presented to the County Court of Dunn County a petition for proof and probate of will, setting forth necessary jurisdictional facts and naming the widow, three daughters of the deceased, and the petitioner as heirs at law. The petition asked the court to appoint a day for hearing the proofs of the will, which is now the object of this contest, and further asked the court to issue letters testamentary to Ernest Tooz, the then petitioner, as the person named in the will as executor. All of the heirs at law who were named as respondents in the petition, being the widow and three daughters of the deceased, executed, in writing, appearances and waivers of service of citation and notice. On the day the petition for probate of the will was filed, the following steps were taken which culminated in the qualification of the petitioner as executor of the estate: The Judge of the County Court of Dunn County issued a citation hearing petition for proof and probate of will setting the hearing for two o'clock in the afternoon of that day, which citation recited: "All persons interested having made and filed in this Court Waiver of service of citation, no other or further service hereof is required." The written testimony of the two subscribing witnesses to the will was thereupon filed with the court and an order admitting the will to probate was issued and filed. A certificate of probate of will was also issued and filed at the same time. Letters testamentary were issued to Ernest Tooz, who executed and filed his oath of office as executor.

The petitioner, who is the present contestant, continued in office as executor until he was suspended by order of the judge of the county court on March 24, 1947, and a hearing on the question of his permanent removal was set for April 15, 1947. On April 2, 1947, Ernest Tooz executed and filed in the county court an inventory and appraisement of the property of the

estate. He was later permanently removed from office and Thekla Tooz, widow of the decedent, was appointed administratrix with the will annexed.

The records of the supreme court show that on August 19, 1947, Ernest Tooz filed a claim consisting of nine items totaling $8,215.00 against the estate. The administratrix with the will annexed rejected the claim and her rejection was approved by the county court. Ernest Tooz then appealed to the District Court of Dunn County and ultimately carried his appeal to this court. In re Tooz Estate, 76 ND 492, 37 NW2d 493.

On March 6, 1950, exactly three years after the will of Fred Tooz had been admitted to probate and Ernest Tooz had been appointed and had qualified as executor of the estate of the deceased, Ernest Tooz filed in the County Court of Dunn County a petition for the contest of will after probate and to revoke probate of the will of Fred Tooz, deceased. The petition purports to seek relief under paragraphs 2, 3 and 4 of Section 30–0608 RCND 1943, above quoted. The contestant contends that the county court never obtained jurisdiction to admit the will to probate because no citation hearing the petition for proof and probate of will was served upon the contestant, who was then the petitioner; that Fred Tooz was not competent to execute a will; and that the purported will was not duly executed and attested as provided by law.

The trial court held that the contest was not started within one year after the will was admitted to probate and that it was not necessary to serve the citation hearing the petition for proof and probate of the will upon the then petitioner, although he was an heir; and that the petitioner cannot now contest the probate of the will because he voluntarily appeared in the proceedings, became a party thereto, and will not be heard to challenge the jurisdiction of the court over his person.

The contestant and appellant cites Section 30–0508 RCND 1943 which reads as follows:

"The parties who must be cited upon a petition for the probate of a will include: 1. The surviving husband or wife, if any; 2. All the heirs of the testator; 3. The devisees and legatees named therein; 4. All persons in being who would take an

interest in any portion of the property under the provisions of the will; and 5. The person named as executor or trustee therein unless he is the petitioner."

Although he concedes that in probate proceedings generally the only parties required to be served are the respondents and no service need be made on the petitioner, he argues that in the probate of a will Section 30–0508 RCND 1943, above quoted, specifically requires that "All the heirs of the testator" must be cited. He further argues that, this being a special statute, it must be.followed literally and that the petitioner, if he is an heir, must be cited in order to give the court jurisdiction over the person of the petitioner. In support of this view he points to paragraph 5 of this section which requires the person named as executor or trustee under the will to be cited "unless he is the petitioner." This, it is asserted, indicates that all interested parties except an executor or trustee must be cited whether they are petitioners or not. This highly technical but plausible argument cannot prevail in this case when confronted with the law with respect to the acquisition of jurisdiction of the person of the contestant under the facts disclosed with respect to his conduct in connection with the proceeding which he now seeks to attack.

Section 30–0608 RCND 1943 quoted at the outset of this opinion must be construed together with Section 30–0524 RCND 1943 which provides:

"A decree which grants the probate of a will is conclusive if the court had jurisdiction, unless reversed on appeal or vacated on a rehearing applied for within one year, saving to minors and persons of unsound mind or otherwise incompetent a like period of one year after their respective disabilities are removed." It is clear that under these two sections the contestant cannot now attack the will of Fred Tooz, if the probate court had jurisdiction within the meaning of these sections. The one year period of limitation mentioned in these statutes began to run with the date of the order admitting the will to probate. Bancroft's Probate Practice, Section 169. A proceeding for the probate of a will is in the nature of a proceeding in rem. Re McKee, 67 ND 504, 274 NW 601; In Re Meyer's Estate, 69 SD 339, 10

NW2d 516; Bancroft's Probate Practice, Section 61; "A will contest is a proceeding *in rem* in its nature, and subject to peculiar conditions; it is not a civil action nor are the rights of parties in immediate controversy, the subject-matter of the proceeding being the will." Schouler on Wills, 6th Edition, Section 766.

In this case the court had jurisdiction of the subject matter. All of the heirs at law of the deceased, with the exception of the petitioner, entered written appearances and waivers of service of citation and notice of hearing the petition of the contestant. He alone challenges the jurisdiction of the court.

"As a general proposition it may be said that where all parties appear in a probate proceeding, as in an ordinary civil action, notice becomes immaterial. In other words, a general appearance cures failure to give notice. Since the object of a citation in probate proceedings is only to secure the attendance of parties, if this is accomplished by a voluntary appearance, the purpose of the statute is fully subserved. As pointed out above, notices required in probate proceedings merely serve the purpose of the summons in an ordinary civil action." Bancroft's Probate Practice, Section 58.

It is the rule in this state, as it is in most jurisdictions, that one who invokes the authority of the court to determine a controversy on its merits thereby makes a general appearance. Allen v. Bohner, 54 ND 14, 208 NW 234; Baird v. Holie, 61 ND 280, 237 NW 786; McLean v. McLean, 69 ND 665, 290 NW 913; Berry v. Berry, 60 ND 353, 234 NW 520. In the absence of a previously made and properly preserved objection to the jurisdiction of the court, a general appearance amounts to a waiver of the right to object to the jurisdiction of the court over the person of the party so appearing. Bryan v. Miller, 73 ND 487, 16 NW2d 275; 14 Am Jur, Courts, Section 193; 6 CJS, Appearances, Section 17. See Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360; Burns v. Northwestern National Bank, 65 ND 473, 260 NW 253; Petition of Village Board of Wheatland, 77 ND 194, 42 NW2d 321. In this case no objection to the jurisdiction of the court was raised until the petition for contest of the will was filed.

The petition for the proof and probate of the will of Fred Tooz, deceased, bears the signature of Ernest Tooz over this verification: "Ernest Tooz being first duly sworn, says that he has read the above and foregoing petition, subscribed by him and knows the contents thereof; and that the same is true of his own knowledge, except as to the matters which are therein stated to be on his own information and belief, and as to those matters he believes the same to be true." The contestant does not deny that this petition was properly filed in the county court on his behalf.

One of the questions involved in O'Dell et al. v. Rogers et al., 44 Wis 136, was the waiver of notice of a probate proceeding by filing a petition and complaint which the court found to be an assent and submission to the proceedings of the court in the probate of a will and the appointment of executors. The court said: "that when the moving party asks some relief which can only be granted upon the hypothesis that the court has jurisdiction of the cause and the person, this is a submission to the jurisdiction, and waives all defects in the service of process; and that where a party seeks to take advantage of a want of jurisdiction, he must object *on that ground alone,* and keep out of court for every other purpose. This is the only safe and consistent rule in all cases of a want of jurisdiction of the person, by defective service or notice, which may be waived by an appearance."

Under our probate practice jurisdiction of the parties may be acquired by the presentation of a petition by a competent party and by either the issuance and service of a citation upon all other parties or by the voluntary appearance and waiver of service of citation by other parties. Section 30–0201 RCND 1943. And under Section 30–0221, when all of the necessary parties appear and waive service of citation or join in a petition upon which a hearing is to be had, the court may hold the hearing at any time without issuing a citation fixing the time for hearing. The contestant argues that these statutes do not apply to the instant case because Section 30–0508 is a special statute applying to the probate of wills and requires that all heirs be served with citation. This statute, like others pro-

viding for service of process, is designed and intended to give interested parties an opportunity to be heard before the court and to bring them under the jurisdiction of the court so that the rights of all parties might be properly adjudicated. Were there no provisions for service or waiver of service of citation other than Section 30–0508, it would still be clear to us that a party, including an heir, might voluntarily appear and submit to the jurisdiction of the court without service of citation upon him.

"The law neither does nor requires idle acts;" Section 31–1105 RCND 1943. When a party voluntarily appears in court having jurisdiction of the subject matter of a controversy in a proceeding in which his rights may be adjudicated and submits his rights to the court for adjudication, he cannot say that the court is without jurisdiction of his person because he is not handed a citation or notice requiring him to be where he is.

The contestant asked the County Court of Dunn County to admit the will of Fred Tooz, deceased, to probate and to appoint the contestant executor pursuant to the terms of the will. The court granted the contestant's request, whereupon the contestant executed and filed his oath of office, qualified as executor, and entered upon his duties, in pursuance of which he took charge of the estate and filed an inventory. After he had been removed from office, he further recognized the jurisdiction of the court by acceding to the removal and filing a claim against the estate which was then in the hands of his successor. Under these facts he appeared and submitted to the jurisdiction of the court. It is wholly immaterial whether or not he was served with process. Fischer v. Dolwig, 39 ND 161, 166 NW 793; Re Jones, 66 ND 185, 263 NW 160, 102 ALR 441; Re McKee, 67 ND 504, 274 NW 601.

The trial court properly found that the challenge to the validity of the will on the ground that the county court did not have jurisdiction of the person of the contestant was without merit and that the other grounds for contest set forth in the petition were not entitled to consideration because the contest

was not instituted within one year after probate. The order appealed from is affirmed.

CHRISTIANSON, SATHRE, BURKE and GRIMSON, JJ., concur.